## HISEM vs. LEMEL'S CURATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

The fee of the attorney of absent heirs is properly chargeable to the share of the estate coming to them.

The cost of erecting tombs over the grave of the deceased, forms no part of the funeral expenses, and the curator has no authority to expend the means of the estate for this purpose without the consent of the heir.

Where the curator, in compliance with a verbal request of the deceased in his last sickness, and with the implied assent of the heir, erects tombs over the deceased and his wife, he will be allowed the sum expended, in his account against the estate.

This case comes up on an opposition filed by the plaintiff to sundry items in the account of the curator of John Lemel, deceased.

WESTERN DIS.
September,1841.

HISEM
vs.
LEMEL'S
CURATOR.

The curator having filed his account and a tableau of distribution of the funds of the estate of the deceased, and the plaintiff who is heir for one half in right of his deceased daughter, made opposition to several items in the tableau, and prayed that it be amended in his favor. The items of opposition are stated in the opinion of this court, and need not be recapitulated.

The plaintiff's daughter was married to the deceased, Lemel, and died a few days before him, during the epidemic of 1839, in the town of Franklin, parish of St. Mary. A community of property existed between the spouses, and the plaintiff inherited his daughter's portion.

The evidence showed, that in his last sickness, the deceased requested of the present curator, that in the event of his death, he would cause tombs to be erected over the graves of himself and wife. After the appointment of Martin, as curator, he had tombs erected over the graves, and a paling made around them. This item of expense amounting to $150, was charged to the estate, and is opposed by the father-in-law and and heir of his daughter.

There was judgment sustaining the opposition to this item, and to an item of $20 for fee of attorney of absent heirs; to a charge of $46, amount of daughter's property sold to plaintiff, and charged to him; and also to a charge of $135 for boarding plaintiff three months, which was rejected. The tableau was amended accordingly, and the curator appealed.

*Maskell,* for the plaintiff in opposition.

*Splane,* contra.

*Bullard, J.* delivered the opinion of the court.

The curator of the vacant estate of one Lemel, is appellant from a judgment sustaining in part an opposition, on the part of one of the heirs, to several items in his account rendered and tableau of distribution. The items opposed consist, 1st. Of a sum of $114 35, for a coffin and paling round the grave

of the deceased and his wife, the daughter of the opponent. 2d. For tombs erected over their graves in the open prairie, $150. 3d. The small sum of $10 56½ for trimmings of the coffin of the opponent's daughter, who died a few days before her husband, Lemel. 4th. The fee of the attorney of absent heirs; and, 5th. An account of A. Stubus for $105. He further objects to the amount of board charged to the opponent, and to $46, the proceeds of certain furniture received by him.

WESTERN DIS. September,1841.

HSEM vs. LEMEL'S CURATOR.

We concur in opinion with the Court of Probates, that the fee of the attorney of absent heirs is properly chargeable to the share of the estate coming to him. The opposition, as to that item, was therefore correctly sustained.

The charge for erecting tombs over the graves of the deceased and his wife, was rejected. This would be undoubtedly correct, if the curator had expended the means of the estate for that purpose without the consent, either express or implied of the heir. The cost of such a work forms no part of the funeral expenses, according to the definition of the Code, art. 3159. The charges incurred for the interment of the deceased, whether with or without a tomb, precede the appointment of the curator. But it is shown in evidence that Lemel said before his death, that he intended to do some work on the tomb of his wife, but if he never recovered he wished Martin to do it, and Martin spoke to the plaintiff about building the tombs, and plaintiff said nothing on the subject, but afterwards complained of the high charge for them. Although no effect could be given to the verbal request of the deceased alone, yet when communicated to the heir, together with notice of an intention on the part of Martin, to comply with it and to erect tombs both over Lemel and his wife, and no objection was made by the opponent, but he stood by and saw the work done without opposition; his silence must be regarded as evidence of assent. "Assent is implied," says the Code, "when it is manifested by actions, even by silence or by inaction in cases in which they can from circumstances be supposed to mean or

*The fee of the attorney of absent heirs is properly chargeable to the share of the estate coming to them.*

*The cost of erecting tombs over the grave of the deceased, forms no part of the funeral expenses, and the curator has no authority to expend the means of the estate for this purpose without the consent of the heir.*

HISEM
*vs.*
LEMEL'S
CURATOR.

Where the curator, in compliance with a verbal request of the deceased in his last sickness, and with the implied assent of the heir, erects tombs over the deceased and his wife, he will be allowed the sum expended, in his account against the estate.

by legal presumption are directed to be considered as evidence of an assent," art. 1805. When the father of a deceased daughter is informed, by a person having charge of a fund destined to be paid over to him as heir, that he is about to expend a part of it in erecting a tomb over her remains, and those of her husband, in compliance with his dying request, and he makes no objection, it is so natural to suppose that he would himself desire it, that we can only interpret his silence as evidence of an acquiescence, and if he is not restrained by a sense of propriety, he is by law, from afterwards objecting to an expense thus tacitly authorized by himself. The court therefore, in our opinion, erred in rejecting the credit claimed by the curator on that account, one-half of which, to wit: $75, is a proper charge against the opponent.

The price of boarding the plaintiff, was correctly reduced to $25 per month. The forty-six dollars for furniture was improperly charged to the plaintiff, as it appears that the furniture belonged to his daughter, before her marriage.

The result is a balance in favor of the appellee of $285 59.

The judgment of the Court of Probates is therefore reversed; and proceeding to render such judgment as *ought*, in our opinion, to have been rendered below, it is further adjudged and decreed that Valentine Hisem recover of the defendant, John Martin, the balance in his hands belonging to the succession of Lemel, to wit: the sum of two hundred and eighty-five dollars and fifty-nine cents, with interest at five per cent. from the date of the first judgment, with costs in the court below, the cost of the appeal to be paid by the appellee.