Succession of Florance.

## No. 8914.

SUCCESSION OF WILLIAM FLORANCE.—ON OPPOSITION OF MEYER GUTHEIM AND JOSEPH BREWER, JR.

The fees of an attorney of absent heirs are chargeable to the portions of the heirs whom he represents.

An exception will apply to cases where the services of such attorney have proved valuable and beneficial to the succession, in which cases he will be allowed a reasonable compensation out of the mass of the succession.

In a contest for the administration of a succession, the attorney of the defeated applicant has no claim for his services against the succession. But in a case where the defeated applicant is named as an alternate executor in the will of the deceased, his attorney will be entitled to a reasonable compensation from the succession for such of his services as were beneficial to the estate, such as procuring an inventory and the appointment of an attorney of absent heirs and the like.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*E. H. Farrar*, and *Joseph Brewer* for Opponents and Appellants.

*E. T. Florance* and *B. Florance* for the Executor, Appellee.

The opinion of the Court was delivered by

POCHÉ, J. This appeal presents two oppositions to the provisional account of the executor:

1. Joseph Brewer, the attorney of absent heirs, complains that the sum of two hundred and fifty dollars which is allowed him in the account is not an adequate compensation for his services in his said capacity, for which he claims one thousand dollars.

He appeals from the judgment rejecting his opposition.

The general rule under our jurisprudence, is that the fees of the attorney of absent heirs should be charged to the portions accruing to the heirs whom he represents, but in cases where his services have proven actually valuable to the succession, the rule has been relaxed

in his favor, and his fees have been sometimes charged to the mass of the succession. 8 La. 44, Aubry vs. Cojus; 19 La. 425, Hisem vs. Lemel's Curator; 29 A. 746, Succession of Harris.

The executor in this case recognized that a portion of opponent Brewer's services had proved valuable to the succession, and guided by the exception to the general rule, he placed him on the tableau as a privileged creditor of the succession in the sum of two hundred and fifty dollars. The district judge has correctly refused to increase the allowance. The record discloses a great deal of labor, and valuable services zealously rendered by the attorney of absent heirs, but he is allowed all that he is entitled to out of the mass of the succession. As the succession is manifestly solvent, he will have the opportunity on the distribution to the heirs and legatees, to press his claim for reasonable compensation against the heirs whom he represents, under the order of the court, and for whom he has so zealously and persistently labored.

2. Meyer Gutheim, who claims to have rendered legal services to the succession, opposed the tableau on the ground that his claim, which he fixes at seven hundred and fifty dollars, was entirely ignored by the executor. He has appealed from a dismissal of his opposition. The record shows that when the testator died in New York, his last will was filed in the proper court of that State, but not probated when his succession was opened in this State on a certified copy.

The testator had appointed Benjamin Florance the executor of his succession in Louisiana, and in case of his death or inability to act, the duty and the trust were to devolve on Edwin I. Kursheedt.

As Benj. Florance was then absent from this State on a trip to Europe, Kursheed applied for the temporary administration of the estate, for an inventory and for the appointment of an attorney of absent heirs.

Before he had had time to qualify and to take possession of the succession property, Benj. Florance, who had returned home, presented his superior claim to the position, and was forthwith appointed, and qualified as executor of the succession in Louisiana. All the legal proceedings instituted by Kursheedt were conducted by the opponent, Meyer Gutheim, whom he had retained as his counsel for that purpose.

On the accession of Florance to the executorship, Gutheim was not retained as the attorney of the succession, but a different attorney was employed. The question presented involves the right of Gutheim to claim compensation for his services from the succession.

The general rule, supported by reason as well as sanctioned by law and abundant authority, is that the attorney employed by a party to secure his appointment to the administration of a succession, has no claim against the succession if his client is defeated.

Generally such proceedings are injurious and not beneficial to the succession, the speedy settlement of which is usually embarrassed and often impeded by such a contest.

But the present case is a fair illustration of an exception to that rule. Kursheedt had been named as an alternate executor under the will, and it became his duty during the known absence and consequent inability of the preferred executor, to institute preliminary proceedings for the administration of the succession. At his instance an inventory was made and homologated and an attorney of absent heirs was appointed.

These conservatory measures enured to the benefit of the succession and through their adoption by the present executor, they have actually served as a legal basis and a proper foundation for all the subsequent proceedings which the executor has provoked and conducted.

Hence we think that in law and justice, the opponent Gutheim is legally entitled to a reasonable compensation for his services in causing an inventory to be made, and in securing the appointment of an attorney of absent heirs, and we shall fix his compensation at one hundred dollars.

We pretermit a discussion of charges of irregularity in some of Gutheim's proceedings, from which has flowed some acrimony between him and the executor. Such a discussion is not necessary to a proper solution of the question presented under the issue, and would not subserve the ends of justice.

The judgment dismissing Meyer Gutheim's opposition, is, therefore, reversed. His opposition is maintained and his claim thereunder is fixed at one hundred dollars, for which purpose the tableau of distribution is hereby amended at the cost of the succession in both courts.

The judgment dismissing Joseph Brewer's opposition is affirmed at his cost as to his said opposition in both courts.