Merrimack, }
June, 1894. }

## ELA'S APPEAL.

The appointment of an administrator on a petition setting up facts sufficient to give jurisdiction cannot be collaterally avoided.

On the settlement of an administrator's account, he can take no advantage of the invalidity of his appointment.

APPEAL, by George W. Ela, administrator of the estate of Joseph Ela, from the decree of the probate court upon settlement of his second account. The reasons assigned are errors in charging him with certain specified sums and disallowing certain specified credits. George W. Ela died after the entry of his appeal, and his administrator, Richard L. Ela, appeared and filed motions, (1) that the appeal be dismissed, and the probate court be ordered to reverse its decrees and dismiss the proceedings relating to the estate of Joseph Ela; and (2) that the probate court be ordered to revoke the grant of administration and all orders and decrees of said court, on the ground that Joseph Ela was not at the time of his decease last an inhabitant of Merrimack county, but was an inhabitant of Mobile, Alabama, having no estate in Merrimack county, and that the proceedings in the probate court were therefore void.

At a court of probate for Merrimack county, held April 28, 1863, George W. Ela, then living in Concord, filed his petition representing that Joseph Ela, late of Mobile, in the state of Alabama, had lately deceased, having at the time of his death estate in said county; that the petitioner was a brother and next of kin to Joseph, and praying that administration thereof be granted to him. On the same day the petitioner was appointed administrator, and in May he returned an inventory which was accepted. The property inventoried consisted of promissory notes made in Mobile, Alabama, and payable in the city of New York, and stock of steamship and railroad corporations, amounting in all to $63,240. He settled his first account in November, 1873, and presented his second account in July, 1892.

In support of his motions the appellant offered to prove, among other things, that the property inventoried was at the time of his appointment in Washington, D. C., and had then never been in Merrimack county or elsewhere in the state of New Hampshire, and that there was then no property of the estate in said county or state.

*Sylvester Dana* and *John M. Mitchell*, for the appellant's administrator.

*Samuel C. Eastman*, for certain heirs of Joseph Ela.

BLODGETT, J. Extended consideration of this case is unnecessary. Few words need be expended to show that there is no legal or equitable ground for the plaintiff's motions.

1. G. W. Ela's appointment as administrator of his deceased brother's estate having been made by a court possessing general jurisdiction to grant administration of the estates of deceased persons, and upon a petition asserting the essential jurisdictional facts, it was a judicial determination that the facts necessary to give the court jurisdiction existed, and cannot be collaterally avoided. *Spaulding* v. *Groton, post,* decided at this term; Vanfleet Coll. Attack, *ss.* 637-647; 33 Am. Dec., note, 241-243.

2. If the petition was false, then the appointment was procured by a fraud upon the court, which the plaintiff, as the representative of and a privy to the petitioner, cannot now set up to defeat the ends of justice. *Tebbetts* v. *Tilton,* 31 N. H. 273, 287; *Adams* v. *Adams,* 51 N. H. 388, 397.

3. Assume that the probate court had no power to make the appointment for the reason that the deceased left no estate in this county, the subsequent bringing of the property here by the administrator would confer jurisdiction of the subject-matter upon that court, and authorize it to charge him with the property, in the exercise of its common-law jurisdiction over the estates of deceased persons. *Stearns* v. *Wright,* 51 N. H. 600, 605, 611.

4. Another consideration fatally adverse to the plaintiff is that a party cannot set up the invalidity of a decree under which he has obtained and holds property as a defence to an accounting for that property. It is useless to argue such a self-evident proposition. What is clearly apparent need not be proved.

5. Finally, it cannot be successfully controverted that there is jurisdiction of the property and Ela's administration of it somewhere, and if this be so, it is clear there can be jurisdiction nowhere if not in the probate court for this county.

*Motions denied.*

All concurred.