(81 N. W. Rep. 31.)

---

### GOTTLIEB DOBLER *et al* vs. GOTTLIEB STROBEL.

Opinion filed November 21, 1899.

**Administrator—Accounting.**

> A party who has been appointed as administrator of an estate, and received letters of administration therein, and has seized and misappropriated and dissipated the property of the estate, cannot evade an accounting upon the ground of the nullity of his appointment.

Appeal from District Court, McIntosh County; *Lauder, J.*

Action by Gottlieb Dobler and David Dobler, by A. W. Clyde, special guardian, against Gottlieb Strobel. Judgment for plaintiffs. Defendant appeals.

Affirmed.

*L. T. Boucher,* for appellant.

*A. W. Clyde,* for respondents.

BARTHOLOMEW, C. J. The facts upon which the questions of law here involved rest are as follows: On November 24, 1897, Matthias Dobler died intestate in McIntosh county, in this state. That he left surviving him, and as his only heirs at law, two sons,—Gottlieb Dobler, aged 14 years, and David Dobler, aged 10 years,—the respondents herein. That on December 18, 1897, the petition of Jakob Dobler was presented to the county judge of said county, which petition set forth the death of said Matthais Dobler, and named the respondents as his children, and stated that petitioner was a brother of deceased, and that deceased left certain specified personal property and certain real estate, and asking the appointment of Gottlieb Strobel as administrator of said estate. Upon the same day the bond of Gottlieb Strobel as such administrator was filed and approved, and letters of administration were issued to him by the said county judge, and his oath of office filed, and appraisers were appointed and filed their oaths of office. Three days later, to-wit: on December 21, 1897, an inventory and appraisement of the personal property was filed, and on the following day the administrator filed an application for leave to sell the personal property. The record is then silent until November 9, 1898, when A. W. Clyde filed in said County Court an application to be ap-

pointed special guardian for Gottlieb and David Dobler, alleging that he was a friend of said minors, and that they had no general or special guardian, and that he desired to commence a special proceeding before said court against said administrator, as such special guardian, upon a petition, a copy of which was annexed to, and formed a part of, the application. The sufficiency of such petition is not questioned. After setting forth the appointment of said administrator in manner and time as before stated, and without any citations to or appearance upon the part of said minors, the petition continues: "That neverthless said Gottlieb Strobel assumed the duties of administrator of said estate, and took possession of the property, and assumed to act as such administrator in the management and settlement of the estate, and in so doing has wrongfully misappropriated the personal property belonging to the deceased at the time of his death, the same being property exempt by law from the payment of his debts, which misappropriation he has made by omitting and neglecting to have the exempt personal property aforesaid appraised and set apart as such to the use and benefit of your petitioners, and by wrongfully selling and disposing of the same without authority of law or the order of the County Court, and by wrongfully misapplying the same, or the proceeds thereof, to divers persons claiming or pretending to be creditors of said deceased." And the prayer of the petition is as follows: "Petitioners pray that said Gottlieb Strobel may be required to render a full account of all his doings as such administrator, and that his account may be fully settled by the court, and that thereupon his letters of administration may be revoked; that a successor may be appointed to complete the adminstration of the estate; and that he be ordered and directed to pay over to his successor all money and property for which he is justly accountable, as determined by the court, to the end that the rights of your petitioners may be duly observed; and for such other and further relief as may be just and proper." The application was granted when presented, and the special guardian was authorized to verify and file the petition; and upon the same day a citation was issued, to the administrator, returnable December 5, 1898, requiring him to appear and answer the petition. On the return day both parties appeared, and the administrator asked for further time, to enable him to employ an attorney and make answer. The time was allowed, and the hearing adjourned to December 10, 1898. Upon that day the administrator failed to appear, whereupon the petitioners by their special guardian, asked that he be adjudged in default for want of an appearance and answer, and that the court proceed with the hearing upon the petition. The court denied this request, and upon its own motion entered an order setting aside and canceling, and declaring null and void, all proceedings theretofore had in the matter of said estate, including the appointment of the administrator and the appointment of the special guardian. The court based its action upon the ground that its record and the petition of the minor

heirs showed that the court never acquired jurisdiction to act in the matter. The petitioners appealed from such order to the District Court, and in that court the order of the County Court was reversed and set aside in toto. From the order of the District Court the administrator appeals to this court.

The questions for decision upon these facts are simple: Was the action of the County Court in appointing the administrator regular or irregular, or absolutely void? And, in taking possession of the estate, did the appellant act as an administrator *de jure,* or as administrator *de facto,* or as a bald trespasser? The learned District Court appears to have entertained but little sympathy for the position of the administrator in this case. We adopt the following language found in the opinion of that court: "The respondent was appointed administrator of this estate. He was duly commissioned by the court to take into his possession, all and singular, the property thereunto belonging. This he did, and did it under the mandate of the County Court. On the face of the record, it appears that most of the property was exempt to the two minor heirs. The petition of the special guardian, asking for an accounting, alleges under oath that the property of the estate has been willfully and unlawfully diverted from the purpose to which the law assigns it; that it has been disposed of without authority of law, and, unless protected by the court, the minor heirs will be defrauded of their just rights. If the position taken by the County Court is correct, there has been no administrator, no bond, and no case in the County Court; and even though all the property belonging ultimately to the minor heirs has been seized and disposed of, and this under the order of the County Court, these same heirs are without remedy, except eventually in a personal action against the respondent, who, for aught that appears, is insolvent. To assume that such is the law is, in my opinion, a reproach upon the administration of justice. Helpless children cannot be juggled out of their rights by any such legal legerdemain. The County Court seems to have confounded jurisdiction of the case; that is, of the property of the estate, the res, and jurisdiction of the persons interested. Section 6183, Rev. Codes, provides that the County Court obtains jurisdiction of the case by the existence of certain facts, and the filing the petition setting forth such facts, and then provides how jurisdiction of the interested persons may be obtained. The distinction between jurisdiction of the subject-matter and jurisdiction of the person is as clearly drawn in Probate Court as in any other. The original petition, while confessedly not artistically drawn, was clearly sufficient to give the county judge jurisdiction of the case. This being so, the proceedings in reference to appointment of an administrator, the property of the estate, etc., were not null and void. Doubtless, upon application of the heirs, the respondent would have been restrained from acting further, and removed, because of the irregularity of his appointment; but, until such proceedings were had, respondent would continue to be in

fact and in law administrator, and obliged to account when called upon." It will be conceded that the appointment of appellant was extremely irregular, and must have been set aside upon application of any party entitled to attack it. Here it is the administrator himself who is seeking to sustain the order declaring the appointment void on the ground of want of jurisdiction in the court making the appointment. In the case of *Culver* v. *Hardenbergh*, 37 Minn. 225, 33 N. W. Rep. 792, where the acts of an administrator were being attacked by interested parties on the ground that his appointment was void, the court said that the authorities were not agreed as to whether there might or might not be an administrator *de facto*. But the court also said that it could see no reason why there might not be an administrator *de facto* as well as a probate judge *de facto*. The point was not decided, but the court clearly inclined to the affirmative of the proposition. In *Succession of Dougart,* 30 La. Ann. 268, the court said: "As to the illegality of the appointment of the executrix, it is only necessary to say that the question cannot be raised in this indirect and collateral way. Whether legally or illegally done, she was appointed and qualified, and must be treated as the lawful executrix until her appointment is revoked in a direct action." In *Cloutier* v. *Lemee,* 36 La. Ann. 305, the court said: "Inquiries touching the legality of defendant's appointment are irrelevant. While actually exercising the office, he must perform its duties, and the illegality of his appointment will not vitiate his acts." In *Succession of Robertson,* 49 La. Ann. 80, 21 South. Rep. 197, the court cited the foregoing and many other authorities, and said: "Adhering to this line of authority, we are of opinion that the acts of the qualified and acting executrix must be recognized as valid, and that the subsequent nullity of her appointment would not vitiate them." All these were cases where parties interested in the estate were attacking appointments made by the Probate Court. In *Appeal of Ela* (N. H.) 38 Atl. Rep. 501, which was a case where an administrator sought to avoid an accounting upon the ground that his appointment was a nullity, the court said: "Another consideration fatally adverse to the plaintiff is that a party cannot set up the invalidity of a decree under which he has obtained and holds property as a defense to an accounting for that property. It is useless to argue such a self-evident proposition. What is clearly apparent needs not be proved." That meets the precise question here involved. To permit this appellant, who, on the record before us, and pursuant to the order and authority of the County Court, has taken the property of this estate, belonging to these minor heirs, and misappropriated and dissipated the same, to entirely escape an accounting on the ground that his appointment was a nullity, would be such a manifest outrage upon justice that requires neither authority nor discussion to show that it cannot be done.

The order of the District Court is in all things affirmed. All concur.