\ CHARLES WENAR CO. v. POKORNY AND SON, LTD.

---

. (January 16, 1928. Opinion and Decree.)
. (January 30, 1928. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 9, 10; Evidence—Par. 48.**
Action without words, even silence, are sometimes presumptive evidence of a contract, under circumstances that naturally imply a consent to such contract.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Charles Wenar Co. against M. Pokorny & Sons, Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Herbert W. Kaiser, of New Orleans, attorney for plaintiff, appellee.

R. B. Montgomery, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a damage suit for breach of contract to prepare plans for remodeling showcases and store fixtures.

The plaintiff alleged that they are equipment engineers engaged in the business of remodeling commercial buildings and installing fixtures, and for that purpose employ architects, draftsmen and engineers; that defendant owns the property, 124 St. Charles street; that plaintiff and defendant entered into a verbal agreement by which plaintiff agreed to develop plans for the improvement of the above property, for the consideration of ten per cent on all disbursements made by defendant, or in case the work was abandoned five per cent on the total amount of the lowest estimate received; that said agreement was confirmed by a letter addressed by plaintiff to defendant; that in accordance with said agreement plaintiff completed plans for the contemplated improvements and on March 21st, 1923, notified defendant thereof by letter; that by a letter of same date defendant requested plaintiff to allow the matter to rest for the present; that on April 5th plaintiff left with defendant a perspective of said improvements, and was informed on next day that it did not consider that any agreement had been entered into between them and that the matter as regards the defendant was closed, which defendant confirmed by letter of April 7th, 1923; that the approximate cost of said improvements was $15,000 upon which plaintiff is entitled to a fee of five per cent, or $750.

The letter of March 1st referred to in the plaintiffs' petition is in part as follows:

"M. Pokorny and Sons, Ltd.
"Gentlemen:
"We wish to confirm the arrangement made this day for me to proceed with developing plans and specifications for the contemplated improvements for your store at No. 124 St. Charles street. It is under-

stood and agreed that we are to furnish you with floor plans, elevations, and drawings covering the remodeling of the front and interior store work, and are to obtain estimates from any reputable firms and manufacturers that you desire and to submit their quotations to you for disposition.

"In consideration of the above service, you agree to pay us, in addition to the moneys disbursed for your account, ten per cent on all contracts and other disbursements made for you.

"If the work is postponed or abandoned, the compensation for the work done by us is to be one-half of the percentage mentioned herein based on the total amount of the lowest estimate received.

"This is identically the same agreement as was signed by you when we did the work at the Regent Shoe Store.

(Signed) "CHARLES WENAR CO."

"March 21st, 1923.
"Messrs. M. Pokorny and Sons.
"Gentlemen:

"Just a line to again remind you that we have all of the plans and elevations completed for your contemplated improvements, and will be pleased to see you here at your convenience.

(Signed) "CHARLES WENAR CO."

"March 21st, 1923.
"Charles Wenar Co.
"Gentlemen:

"Answering your letter of the 21st inst.: Owing to the absence from the city of Mrs. Pokorny, we are unable to decide on the contemplated change to our store. Under the circumstances we shall allow the matter to remain for the present.

(Signed) "M. POKORNY AND SONS."

"April 7th, 1923.
"The Charles Wenar Company.
"Gentlemen:

"Answering your communication of April 6th, would advise that we are somewhat surprised at its contents. We do not consider that we have entered into any arrangements with you whatsoever. The letter you forwarded under date of March 1st was received, and after its perusal we felt that it was drawn up in such a manner that we would not consider entering into any such arrangements, as the matter now stands, and in line with the attitude taken in your letter to us of April 6th would state that in so far as we are concerned this matter with you is closed.

(Signed) "M. POKORNY AND SONS."

After exceptions of no cause of action and others had been overruled the defendants answered.

They denied all the allegations of plaintiff's petition and specially denied that there was any contract or agreement under which plaintiff can claim any definite penalty; but that if it had any claim it would be on a quantum meruit; and that "plaintiffs were without legal right to claim compensation for architects' plans, not being architects, and are violating the laws of Louisiana covering architects and especially Act 231 of 1910".

After extended reasons, the trial judge rendered judgment for plaintiff for $375.

A new trial was refused and defendants appealed.

The facts of this case are that the plaintiffs are engaged in the business of remodeling commercial buildings and preparing plans for office, store, or bank fixtures, and selling the same. They call themselves and others in the same business "Equipment Engineers" The name is not material. In pursuance of their business, Clarence H. Wenar, their secretary-treasurer and general manager, solicited and obtained from the defendants in the year 1921 authority to prepare for the defendants some suggestions concerning a change of their showcases on the property, 124 St. Charles street. Before the plaintiffs had done any material work on that line, commercial depression occurred, owing to which the plaintiffs suspended all work on that building. But in the early part of the year 1923, in January or February, Wenar resumed negotiations with the de-

fendants who authorized them to make new suggestions or sketches for new showcases and fixtures for their store, 124 St. Charles street.

The plaintiff prepared a sketch of the proposed changes and invited the defendants to call at his office to examine them. This the defendants did. On March 1st, 1923, Ralph P. Levey, the secretary-treasurer of the defendants, in company with Coleman E. Adler representing his wife, who is a director of the defendant company and a part-owner of the building and an uncle of Levey who "acted as general adviser in all matters pertaining to the Pokornys", called at the office of the plaintiffs and discussed the proposed changes to the front of the building and to the show windows and the interior distribution and fixtures of the store. Mr. Levey carried with him several pictures of interior fixtures and decorations which he had cut out of magazines and exhibited them to the plaintiffs as containing his ideas of suitable changes. Wenar and Jas. Drinker, draughtsman, testified that plaintiffs were then and there authorized to make plans and specifications for the proposed alterations. Levey and Adler deny this. But the fact remains that on the same day Wenar addressed to the defendants the letter dated March 1st, 1923, which is copied hereabove, and which the defendants failed to answer until April 7th, or 37 days thereafter. In the meantime the plaintiffs employed H. G. Markel, architect, to examine the front of the building and to make plans for the removal of the columns to be replaced by iron columns to suit the new distribution of the front and the new showcases. They then prepared plans for all the changes in the interior and exterior. When these plans were completed about April 6th, they notified the defendants to come to their office to examine

them. The defendants did not come, but on April 7th Levey told Wenar that "he did not employ him to do any work for him".

Two questions therefore arise: 1st. Did the defendants employ the plaintiffs? and 2nd. If they did, to what compensation are the plaintiffs entitled?

I. The trial judge in his reasons for judgment states:

"I take it to be proved by the preponderance of the evidence that these dealings culminated on the 1st of March in a meeting at which an associate of Mr. Levey was invited to be present, and that it was the understanding of the plaintiffs' manager, got from what passed between him and Mr. Levey and Mr. Levey's associate on that occasion, that it was agreed that the plaintiff was to go on with the work on the same plan and at the same rate of compensation which they had previously used. I take it to be proved by the preponderance of the evidence that these parties at that time agreed to this contract."

A careful reading of this record of more than 150 pages has brought us to the same conclusion. It is not always necessary that a contract should be committed to writing or signed by the parties. Article C. C. 1816 provides that: "Actions without words either written or spoken are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract." Then follow examples. C. C. 1817. C. C. 1811 (1805). The proposition as well as the assent to a contract may be express or implied. Express when evinced by words, either written or spoken. Implied when it is manifested by actions, even by silence or by inaction, in cases in which they can by circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent.

Where the curator of a succession informs an heir that he will build a tomb

and the heir makes no objection until after the tomb is built, he must pay for it. Hisem vs. Lemel's Curator, 19 La. 427; Percy vs. Peyroux, 5 R. 181.

We are of the opinion, as was the learned trial judge, that the silence of the defendants for 37 days, after receiving the letter of plaintiffs of March 1st justified the plaintiffs' belief that the defendants understood, they did, that on that day the contract described in that letter had been made between them, and that the letter of March 1st was a confirmation thereof in accordance with custom. Des Allemands Lbr. Co. vs. Morgan City Timber Co., 117 La. 44, 41 So. 332. The defendants could not have allowed the plaintiffs to remain under the impression and to proceed with the plans during 37 days and when they were completed to deny the existence of the contract. There is a time in law when men should speak or when they will be bound by their silence.

II. The testimony is that when the equipment engineer does not get the contract to perform the work mapped out on his plans that he demands and receives a compensation for his services.

No one is presumed to work for nothing. The amount of that compensation in this case is immaterial whether it is allowed on the basis of the contract or on a quantum meruit. The trial court rendered judgment in favor of the plaintiff for $375 and the plaintiff has neither appealed nor prayed for an amendment of the judgment. The contract itself seems to have fixed the value of the plans at $750 in case the work was abandoned. The testimony as to the value of the work performed varies from $200 to $600.

The trial judge has adopted a middle figure of $375 and we think he is correct.

His judgment is therefore affirmed.