## No. 4555.

VICTOR MOREAU *v.* CELESTIN MOREAU, JR., Tutor, T. F. THIENMAN, Intervenor.

An intervention can not be sustained where the demand is not incidental to the main action and where the intervenor neither joins the plaintiff in claiming the same thing, or any thing connected with it, nor unites with the defendant in resisting the claim of the plaintiff, nor claims a privilege on the proceeds of any thing which has been sold, or pretends to be the owner of the thing which has been seized.

The creditors of a succession have no right to intervene in proceedings by the heirs to compel an administrator to render his accounts.

Where the demand of an intervenor does not grow out of the principal action and is not specially permitted by law, it must be dismissed.

Where the rights of the plaintiff had neither been ascertained, nor could be ascertained until a settlement of his mother's succession had been had, he must prove this settlement, and then sue for a partition.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles.  *Butler, J.  Henderson Taylor,* for plaintiff and appellant.

*Irion* and *Thorpe*, for defendant and appellee. *Edwards & Ducote*, for intervenor.

Justices concurring: Ludeling, Howell, Morgan.

MORGAN, J. This is an action on the part of one of the major heirs of Mrs. Helena Bordelon against his minor co-heirs, represented by their father as tutor, to recover his interest in his mother's succession, which he alleges to be of the value of $670 67.

The tutor pleads the general issue as to indebtedness.

Thienman, a merchant, intervenes, and claims $2518 53 with interest, for supplies and provisions, mules, etc., furnished by him to Moreau, to enable him to cultivate his plantation. He avers that part of this debt, say $1800, was contracted and became due during the lifetime of Mrs. Moreau (Helena Bordelon), and is a community debt due by said estate, over which the said Moreau has the administration as natural tutor.

From this statement of the case it is evident that we can not do justice between the parties under the proceedings they have seen fit to institute.

In the first place, as to the intervenor, he can not be heard. His demand is not incidental to the main action. C. P. 364. He does not join the plaintiff in claiming the same thing, or any thing connected with it, nor does he unite with the defendant in resisting the claim of the plaintiff. C. P. 389. Neither does he claim a privilege on the proceeds of any thing which has been sold, or pretend to be the owner of the thing which has been seized. C. P. 396. And these are the only circumstances under which, we believe, that interventions are allowed. If he has any claim at all it is against the succession of Mrs. Bordelon Moreau, for her share of a community debt. The creditors of a succession have no right to intervene in proceedings by the heirs to compel an administrator to render his accounts. 12 R. 215. Where the demand of an intervenor does not grow out of the principal action, and is not specially permitted by law, it must be dismissed. 2 An. 463.

As to the plaintiff, his rights have never been ascertained, and they can not be ascertained until a settlement of his mother's succession has been had. He must first provoke this settlement, and then sue for a partition.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided annulled and reversed, without prejudice to the rights of the parties to vindicate their rights in a proper action, the costs to be paid by appellee.