145 So. 4

### Succession of ROSENBROCK.

No. 31929.

Nov. 28, 1932.

J. A. Woodville, of New Orleans, for appellants Mrs. George D. Rosenbrock and Woodville & Woodville.

N. Morgan Woods, II, of New Orleans, for appellee Anna Rosenbrock.

LAND, J.

On June 2, 1931, George Decker Rosenbrock died intestate at his domicile in the city of New Orleans, leaving two sisters, Anna and Sophie Rosenbrock, and a surviving widow, Leonora Jones Rosenbrock.

Anna Rosenbrock opposed the application of Leonora Jones Rosenbrock for appointment as administratrix, on the grounds that an administration of the estate of decedent was unnecessary and that opponent, as beneficiary heir, had a better legal right to be appointed administratrix.

Later on it was agreed between Leonora Jones Rosenbrock and Anna and Sophie Rosenbrock, their counsel, and all interested parties, that an administration of the estate was necessary, and that Anna Rosenbrock had a better legal right to be appointed administratrix, which accordingly was done.

The late George Decker Rosenbrock was a partner with the late William Theobold O'Brien in the firm of O'Brien & Rosenbrock, and decedent's one-half interest in the firm amounted to $1,349.08.

Decedent also had a drawing account in, and was a creditor of, the late firm for $1,442.11, making a total of $2,791.19, all of which belonged to the separate estate of George Decker Rosenbrock, deceased.

On April 1, 1932, the administratrix filed her final account showing total liabilities of $1,708.44 and a cash balance of $333.66.

Leonora Jones Rosenbrock opposed the account on the ground that she is the widow in necessitous circumstances of the decedent, George D. Rosenbrock, and a preferred creditor of his estate in the sum of $1,000, and that she had not been placed upon the account for that amount.

The claim of the surviving widow for her homestead right was dismissed in the lower court, on the ground that the same had been waived by notarial act of partition and settlement of date December 16, 1929, between Mrs. Leonora Jones Rosenbrock and her late husband, George Decker Rosenbrock, passed before W. B. Hamlin, notary public, in and for the parish of Orleans.

From this judgment the opponent, Mrs. Leonora Jones Rosenbrock, has appealed.

█ After appearers declared in the act that they had been separated from bed and board by virtue of a judgment rendered December 16, 1929, they further declared that "they desire to partition and settle the property, effects, credits and rights and obligations of the community of acquets and gains existing between them, which was dissolved by the rendition of the said judgment, and all claims of Mrs. Leonora Jones Rosenbrock against the said George D. Rosenbrock, for alimony, past, present and future, and are appearing before me, Notary, for the purpose of making a full, final and complete partition of the property, effects, credits and rights and obligations of said community of acquets and

gains heretofore existing between them, as well as a full and final settlement of all alimony, past, present and future."

Then follows the declaration in the act: "And the said Mrs. Leonora Jones Rosenbrock, wife of George D. Rosenbrock, declared unto me, Notary, that she does hereby accept, in full and complete settlement of all claims she has or may have against her said husband, George D. Rosenbrock, in the settlement of the said community of acquets and gains existing between them, and in settlement, full, final and complete, of all claims for alimony which she has or may have against her said husband for past, present and future alimony, the following, to-wit:"

(Certain household furniture, and the sum of $930.65, accepted by Mrs. Leonora Jones Rosenbrock in full settlement, with the declaration that her husband has abandoned all right, title and interest in and to the furniture then in her possession.)

The notarial act then continues as follows: "And here the said Mrs. Leonora Jones Rosenbrock declared unto me, Notary, that she does by these presents abandon, set over and deliver unto the said George D. Rosenbrock all of her right, title, share and interest, in all of the residue of the said community property, of whatever nature or kind, now in the possession of her said husband, and particularly any interest her husband may have in the firm of O'Brien & Rosenbrock, which interest belongs to said Rosenbrock's separate estate, but which may be indebted unto the community of acquets and gains existing between them; and said Mrs. Rosenbrock does forever release and relinquish all claims she

has or may have against said separate estate of her said husband, and does further give and grant to her said husband a full and final receipt for all alimony which may be due to her, past, present and future, and waives forever any claim she may have against her said husband for alimony for her support and maintenance."

The above notarial act shows upon its face, unmistakably, that the sole purpose of the partition and settlement between Mrs. Rosenbrock and her husband was to compromise any claim that she had against the community existing between them, and any claim that she had for alimony, past, present and future. This sole purpose of the parties is expressly declared at least three times in the notarial act, and the language of the act makes it clear and certain that Mrs. Rosenbrock abandoned any right, title, or interest that she had in the separate estate of her husband, consisting of his interest in the firm of O'Brien & Rosenbrock, only in so far as it "may be indebted unto the community of acquets and gains existing between them," and only in so far as her claim for alimony was concerned. As any indebtedness of the separate estate of the husband to the community constituted an asset of the community, in which the wife had a half interest, such indebtedness, necessarily and properly, was included in the compromise and settlement of the community between the husband and wife.

It jumps to the eye that the only reason for any reference at all in the notarial act to the separate estate of the husband was to relieve it, primarily, of any claim by the wife, of indebtedness to the community, and, sec-

ondarily, from any liability to her for alimony.

It is also equally evident that the separate estate of the husband, referred to in the notarial act, was not his separate estate after death, or his succession, but the property which he then owned while he was alive.

Not the slightest allusion can be found, in the notarial act of compromise and settlement between the parties, to the claim of the widow in necessitous circumstances against the succession of her husband, consisting of his separate estate.

We conclude, therefore, that the widow's homestead in this case was not one of the differences between the parties included in the notarial act of compromise and settlement effected between them, and that any renunciation made by her in this act did not affect her right to claim the sum of $1,000 as a widow in necessitous circumstances, as it was not a matter covered by the compromise and settlement.

It is provided in article 3073 of the Civil Code that:

"Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.

"The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."

We do not intend, from what is said in this opinion, that it is to be inferred that,

had the widow's homestead been included in the settlement and compromise in this case, such stipulation would have been valid. On the contrary, it is expressly provided in article 1887 of the Civil Code that:

"Future things may be the object of an obligation.

"One can not, however, renounce the succession of an estate not yet devolved, nor can any stipulation be made with regard to such a succession, even with the consent of him whose succession is in question."

■ 2. The law firm of Woodville & Woodville opposed the final account of the administratrix on the grounds that the firm is a creditor of the succession of George D. Rosenbrock in the sum of $150, for professional services rendered in opening the succession and filing the proceedings herein, and also a creditor in the sum of $23.73 for court costs advanced by opponent, whose members had not been placed on the account for their claims.

The lower court maintained the opposition only as to the sum of $23.73 court costs for preliminary filing of suit, as this was for the benefit of the succession, but rejected the claim for fee of $150, and held that the opponent must look to the one employing the firm for the fee.

Upon the death of George D. Rosenbrock, his widow filed a petition opening his succession and praying to be appointed administratrix, and secured an order of court wherein J. H. Wiener, notary public, was directed to make an inventory of the effects of the succession.

The sister of decedent filed an opposition to the widow's application for letters of ad-

ministration, and, in due time, her opposition was maintained, and, she was appointed as administratrix of the succession, and has administered same and filed a final account, with N. Morgan Woods, II, as her attorney.

It is true that the law firm of Woodville & Woodville opened the succession for the purpose of having the widow appointed administratrix, and secured an order of court directing J. H. Wiener, notary public, to make an inventory of the effects of the succession, but this was done by that firm solely in the capacity of attorneys for the widow, whose claim to be appointed administratrix was rejected. If any fee is due for these services, it must be paid by the widow who employed the firm, whose members, at no time, have represented the duly appointed and qualified administratrix of the succession in the administration of same, and who therefore cannot be considered as creditors of the succession for professional services rendered.

The rejection by the lower court of the claim of opponent for a fee of $150 for professional services was therefore correct.

It is ordered that the judgment appealed from by Woodville & Woodville, rejecting the fee of $150 for services rendered, be affirmed.

It is further ordered that the judgment appealed from by Mrs. Leonora Jones Rosenbrock, rejecting her claim for widow's homestead in the sum of $1,000, be annulled and reversed.

It is now ordered that the final account of the administratrix be amended by placing thereon Leonora Jones Rosenbrock as a privileged creditor of the estate of George D. Rosenbrock in the sum of $1,000, as surviving widow in necessitous circumstances, and that

Leonora Jones Rosenbrock be paid said amount in preference to all other debts, except those secured by the vendor's privilege on both movables and immovables, conventional mortgages, and expenses incurred in selling the property, as provided in section 1 of Act No. 242 of 1918.

It is further ordered that the succession of George D. Rosenbrock pay all costs, as to the opposition of Mrs. Leonora Jones Rosenbrock to the final account of the administratrix.