**72 So.2d 744**

**Succession of GUICHARD.**

**No. 41310.**

April 26, 1954.

Weiss & Weiss, Harold Marx, Jr., New Orleans, for opponents-appellants.

Mark W. Malloy, New Orleans, for proponents-appellees.

HAWTHORNE, Justice.

We granted a writ of certiorari in this case to review a judgment of the Court of Appeal for the Parish of Orleans which affirmed a judgment of the district court ordering the fee of an attorney, fixed at $300, to be paid out of the mass of the succession. This attorney represented three of the heirs who were adjudged to have a $9/20$ interest in the succession. No administrator was appointed for the succession, nor was it ever under administration.

Arthur F. Guichard died in 1938 possessed of one piece of real estate located in the City of New Orleans. In 1948 two sons and a grandson of the decedent and his predeceased first wife instituted this suit against Theresa Zigg, his second wife, seeking to have themselves recognized as his heirs and to have his estate partitioned. These plaintiffs were represented by the attorney whose fee was subsequently charged to the mass of the succession. Numerous pleadings were filed in the lower court, and ultimately that court rendered judgment decreeing the real estate to be community property of the deceased and his second wife, Theresa Zigg, and recognizing her as owner of a one-half interest therein. This judgment recognized the plaintiffs to have a $9/20$ interest in the property and the seven children born to the deceased and Theresa Zigg to have a $7/20$ interest. The judgment ordered the property sold at public auction in order to

effect a partition of the succession and appointed a notary public to complete the partition and to distribute the proceeds of the sale. After the property had been sold, the notary filed a rule against all parties at interest to show cause why the proceeds of the sale should not be disbursed according to a schedule submitted by him and why his account should not be approved and homologated. On this account he listed an item for attorney's fees to the attorney representing the heirs having a $9/20$ interest, the plaintiffs, which he proposed to pay from the mass of the succession. The defendants, Theresa Zigg and her seven children, who had been recognized as owning a $17/20$ interest in the succession property, opposed this item. After trial of this rule the account was approved and homologated, and the fee of this attorney was ordered paid from the mass of the succession. The only matter before this court is whether this item was properly allowed.

After the appeal was taken to the Court of Appeal, the attorney died, and his widow and daughter were substituted as parties in his stead.

This attorney instituted the proceedings which finally resulted in a judgment recognizing all of the heirs of the deceased and ordering a partition of the property, and there is no doubt that his services were extensive and were valuable to, and benefited, the widow and the other heirs, defendants in these proceedings. The

district court and the Court of Appeal evidently were of the opinion that due to the particular circumstances of this case his fee should be charged to the mass of the succession, although he was employed by, and represented, only the heirs who were adjudged to have a ⁹⁄₂₀ interest.

■ We do not agree with this conclusion. Under the jurisprudence of this state it is well settled that an attorney representing particular heirs or claimants in a succession proceeding has no claim against the estate for his services even though they were valuable to, and benefited, the other heirs, and that in such cases the attorney must obtain payment from the persons or heirs by whom he was employed. Succession of Kernan, 105 La. 592, 30 So. 239; Succession of Rosenbrock, 175 La. 1049, 145 So. 4; Succession of Russell, 208 La. 213, 23 So.2d 50. These cases are decisive of the issue here, and we find no particular circumstance in this case which would make it an exception to them.

In the instant case plaintiffs' claim was adverse to that of Theresa Zigg and her seven children, for it was plaintiffs' contention that the property was separate property of the deceased, that Theresa Zigg and the deceased were never legally married, and that the seven children born to them were illegitimate. Under these circumstances it would be inequitable for the portion of the defendants to be reduced by charging the fee of the plaintiffs' attorney to the mass of the succession.

For the reasons assigned the judgment of the Court of Appeal affirming the judgment of the district court which ordered the fee of the attorney paid from the mass of the succession is annulled, reversed, and set aside, and it is now ordered that this case be remanded to the district court so that the schedule of distribution of the notary public of the proceeds realized from the sale of the property of the succession may be revised according to the views herein expressed. The respondents are to pay all costs of this proceeding.