TATE, Judge.
This appeal by Mrs. Alvin A. LeBlanc is from judgment ordering partition of certain property, insofar as said judgment: ’(a) included as property partitioned a cheeking account in the amount of $1,028.15, alleged by. appellant to be her separate property; (b) allowed an intervention by a third party debtor and reduced the indebtedness due by him to the community of the deceased Alvin A. LeBlanc; and-(c) refused-to allow judgment for, or to tax against the mass, certain supplementary succession expenses incurred by--appellant on behalf of both co-owners.
Mrs. Alvin A. (Anna) LeBlanc is the widow of Alvin A. LeBlanc. Since no children were born of this marriage, decedent’s only surviving parent (Mrs. Desire LeBlanc, defendant) is his forced heir in the proportion of one-fourth of the total community left by decedent, Article 915, LSA-Civil Code. Afte'r Alviti LeBlanc died September 8, 1952, plaintiff' and defendant were sent into possession- by judgment of the community property reflected by inventory in said proceedings, and immediately thereafter by cash sale the. widow purchased the mother’s one-fourth interest in the property so shown.
According to uncontradicted testimony - in -these present partition proceedings, the-property herein soug-ht to be partitioned (13 head of cattle, a 1946 Pontiac automobile, and an outboard motor boat) was by mutual agreement omitted from the succession inventory and judgment of possession, since for certain sentimental and practibal reasons it was felt that the surviving wife should receive the; entire interest therein. Subsequently, however, certain ■ disagreements arising, the defendant-mother (assisted- most actively by her "other son, J. Carrol ■ LeBlanc) filed -suit to secure recognition of her one-fourth interest in this' omitted property.
Plaintiff-wife acquiesced in this demand and filed the present suit seeking partition' by licitation of this property and also of’ certain credits owing the former Alvin LeBlanc community by the aforesaid J. Carrol LeBlanc in the total sum of $302.82. Defendant-mother answered, requesting also recognition of her one-fourth interest *718 in a checking ac’c'ount in the amount of $1,028.15 which had been in plaintiff’s name.
J. Carrol LeBlanc intervened, requesting that the amount of his indebtedness be reduced to $102.82.
Judgment was rendered ordering partition by licitation of the property sought to be partition, and further ordering pai-tition' in kind of the bank account, and reducing the balance of the account owed by J. Carrol LeBlanc to $102.82.
We have been favored, neither by written or oral reasons of the court, nor by brief of defendant or of intervener.
1. 'Intervention and amount of account of J. Carrol LeBlanc
Plaintiff-widow excepted to J. Carrol LeBlanc’s intervention, which prayed for reduction in the indebtedness owed by him to the former community of Alvin A. LeBlanc, which debt was included in the property sought to be partitioned herein.
There is considerable merit to plaintiff’s contention that the intervention should have been dismissed upon his exception, since an ordinary creditor cannot ordinarily intervene in a suit for partition. Moreau v. Moreau, 25 La.Ann. 214. The intervention herein is not related to the main demand, which is not whether the account is due and-owing or in what amount; the issues in a partition suit being solely whether the parties are co-owners, and in what propor-. tions, and whether the property is divisible, in kind or not, Mitcham v. Mitcham, 186 La. 641, 173 So. 132; Faure v. Faure, 117 La. 204, 41 So. 494; City of Baltimore v. City of New Orleans, 45 La.Ann. 526, 12 So. 878.
But the District Court permitted the intervention and admitted evidence concerning it. ■ Since the intervener submitted himself to the jurisdiction of the court, and since determination of the actual amount owing by him will be beneficial to the parties to the suit in that purchasers at the partition auction sale will bid on a known and uncontested amount of liability, we will not dismiss this intervention in view of the evidence having been admitted and trial had thereon, and in view of the liberal policy of admitting interventions to avoid multiplicity of actions announced in State ex rel. Pope v. Bunkie Coca-Cola Bottling Co., Inc., 222 La. 603, 63 So.2d 13.
On July 11th, 1952, Alvin A. LeBlanc bought for the account of J. Carrol LeBlanc certain furniture in total amount of $302.82. On June 14, 1952, J. Carrol LeBlanc had furnished his check to Alvin A. LeBlanc in the amount of $100, which J. Carrol Le-Blanc admitted to be down payment (or security therefor) upon the furniture, which he admitted receiving. J. Carrol LeBlanc also admitted that the check was never cashed and that he had made no. further payments for the furniture.
Despite this uncontradicted testimony and' admission, the District Court inexplicably allowed this uncashed “hold” check as a credit upon the, admitted additional balance due of $202.82, thus reducing the indebtédness of J. Carrol LeBlanc owing to Alvin A. LeBlanc’s community to $102.82! This action was clearly erroneous, and the judgment should be amended to include in the property to be partitioned at auction the total indebtedness owing by J. Carrol Le-Blanc in the amount of $302.82.
2. Account maintained in the Assumption Bank & Trust Company
At date o.f decedent’s death, his surviving wife had a checking account' maintained in her name (“Mrs. Anna Le-Blanc”) and subject to withdrawal solely upon her signature, in the amount of $1,028.15. The testimony is further uncon-tradicted that this checking account contains the unexpended proceeds of a salary received by plaintiff as postmistress commencing in 1947. The deceased husband had been postmaster until this date, when, he-had relinquished the post, to which his wife was appointed immediately thereafter. The postoffice was and had been situated in the *719 country general store owned and operated by decedent, Alvin A. LeBlanc.
The District Court sustained objections to any testimony by plaintiff, and also testimony tendered through other witnesses called for this purpose by plaintiff, to the effect that the salary of plaintiff wife as postmistress was (although a community asset) donated to her by the decedent husband during his lifetime.
The objection was based upon the assumption that parol evidence is inadmissible to prove the donation of an incorporeal right, which must be donated by authentic act, Article 1536, LSA-C.C., and also on the ruling of the court that a husband cannot donate to a wife any future salary payments before the compensation is due and paid.
The learned District Court overlooked Article 1539, LSA-C.C., providing that the manual gift of corporeal movable effects, accompanied by a real delivery, is subject to no formality. Thus .where the husband donated $100 per month to his wife, which she received and kept separate, such funds and the property purchased therefrom were held to be the wife’s separate property in Succession of Byrnes, 206 La. 1026, 20 So.2d 301. The proceeds of checks payable to the wife, but endorsed by her and delivered to her husband, with the intention to make a gift, were held to be the husband’s separate property in Succession of Desina, 123 La. 468, 49 So. 23. The deposit of money directly to the credit of the donee or to another for the use of the donee is effective as a donation without further formality upon deposit in the bank, such deposit being delivery, Gibson v. Hearn, 164 La. 65, 113 So. 766, Succession of Zacherie, 119 La. 150, 43 So. 988.
In Succession of Moran v. Moran, La.App., 1 Cir., 25 So.2d 302, 303, this Court held in sustaining the donation of money given to a third party with instructions to deliver it to the donee, that to make a valid manual gift, “all that is necessary being the intention of ,the donor to give, accompanied by some form of real delivery”.
Since the monies in the present litigation were undoubtedly delivered to plaintiff-wife, being deposited subject to her sole control in her own checking account, parol evidence was admissible to prove whether it was the deceased husband’s intention to donate to her the community monies actually received by her. Due to the exclusion of evidence on this subject, there is not sufficient evidence as to the intention of the alleged donor in permitting his wife to retain the monies in her sole control to enable us to determine whether the funds indeed became the wife’s separate property by manual donation.
3. Plea of Estoppel
Plaintiff-widow’s plea of estoppel to the defendant’s claim of any interest in said checking, account is based upon: (a) Defendant-mother’s acquiescence in omission of the bank account from the succession inventory of community property; and (b) upon her accepting from the plaintiff-wife the full amount of the bank account in payment of the major portion .of the sum due by the wife individually for the mother’s one-fourth interest in the community as shown by the initial inventory.
There is no question of any judicial es-toppel herein, because defendant did not sign and was not a party to any judicial declaration to the effect that the bank account was the wife’s separate property.
Pleas of equitable estoppel are not favored in Louisiana law, and one requisite to sustaining such a plea is a showing that the litigant relied upon or acted to his prejudice upon the declaration of the other party, Succession of Land, 212 La. 103, 31 So.2d 609 (also involving controversy whereby the, deceased husband’s heirs opposed the surviving wife’s claim that certain assets were her separate property). Since the widow herein would have had to pay anyway the amount in purchase of the mother’s share in the property shown by the initial inventory, plaintiff-widow was not prejudiced by any acquiescence of the defendant in plaintiff’s use of the funds in question, whether they were community *720 or separate. The plea of estoppel is overruled.
We will -non-suit defendant’s claim to any interest in this account, because there is no' money left in the account and therefore in this partition suit there is nothing left to be partitioned.
4.Taxing Certain Succession Debts Against the Mass
Defendant' admitted liability for one-half of the Louisiana inheritance tax paid in the total amount of $18.23, but resisted plaintiff’s claim for reimbursement of one-half the $9.00 court costs and $50.00 attorney’s fees- resulting from the supplementary succession proceedings by which plaintiff and defendant were judicially sent into possession of the additional property sought to be partitioned in these proceedings.
Court costs of the supplementary succession proceedings, being for the joint benefit of the co-owners,- should therefore be jointly paid, and are properly taxed to the mass. See Succession of Czarnowski, 151 La. 754, 92 So. 325.
However, it has been specifically held (reversing the Orleans Court of Appeal on this question) that even though succession attorneys’ fees sending heirs into possession are valuable to and benefit the defendant co-heirs, they may not be taxed against the mass in the subsequent partition suit, but must be paid by the party or parties employing said attorney, Succession of Guichard, 225 La. 315, 72 So.2d 744.
The trial court therefore properly disallowed the supplementary succession attorneys’ fees of $50.00, even though reasonable and proper charges for such services; but incorrectly failed- to charge the mass with reimbursement of the aforementioned supplementary court costs of $9.00.
Of course, the attorney’s fees for services performed in contested judicial parti- , tion proceedings are also to -be paid by the respective parties, LSA-R.S. 13:4524.
5.Costs of These Proceedings
While generally the court costs of the partition itself are borne by the mass, the cost of obtaining a judgment ordering a partition may be taxed against the party defendant raising unsuccessful contentions. Jacobs v. Jacobs, 126 La. 365, 52 So. 543. It is apparent upon examination of the record that the major court costs incurred through this appeal were occasioned through the unsuccessful contentions of defendant, Mrs. Desire LeBlanc, and of intervener, J. Carrol LeBlanc. For this reason, exercising our discretion under LS A-R.S. 13:4444 to tax the costs of the lower and appellate court as seems equitable, we shall cast the aforesaid defendant with one-half of the court costs, and the aforesaid intervener with the other half.
6.Decree
For the reasons -aforesaid the judgment of partition rendered herein is amended to describe Item 4 of the property to be sold by public auction as: “Open Account of J. Carrol LeBlanc in the sum of $202.82 and indebtedness represented by check of J.-Carrol LeBlanc dated June 14th, 1952, on Progressive Bank & Trust Company, New Orleans, in the amount of $100, both due the succession of Alvin A. LeBlanc.” (Instead of as stated-in said judgment: “for open account of J. Carrol LeBlanc in the sum of $102.82.”)
The judgment is further amended to omit all mention whatsoever of the bank account in the Assumption Bank & Trust Company in the name of Mrs. Anna LeBlanc in the full sum of $1,028.15, the defendant’s claim to any portion thereof being non-suited.
The judgment is further amended to tax the sum of $9 expended by plaintiff by supplementary succession proceedings against the mass to be realized from this, partition, and further providing that the sum of $18.23 for inheritance taxes shall be paid one-half by each of the parties thereto, plaintiff to be reimbursed by defendant from the latter’s share of the proceeds for the sum paid by plaintiff.
*721 The judgment in favor of intervener, J. Carrol LeBlanc reducing the open account due by him to the Succession of Alvin A. LeBlanc to $102.82 is herewith reversed, and judgment is rendered dismissing said intervention with prejudice against his claim that the total indebtedness owed by him to the community of Alvin A. LeBlanc and plaintiff was less than $302.82.
All costs of these appellate proceedings and of the proceedings in the District Court to date of appeal, are to be paid one-half by defendant, Mrs. Desire LeBlanc, and one-half by intervener, J. Carrol LeBlanc.