GLADNEY, Judge.
This appeal was lodged by Floyd Alvin DeWitt, testamentary executor of the succession of his mother, Ivis Scott DeWitt, who died at her domicile in Shreveport, Louisiana, on March 5, 1959. Appellant seeks review of a judgment maintaining an opposition by Mable DeWitt Phillips to his-final account and tableau of distribution with allowance of a fee of $200 to the attorney of the opponent to be paid from the mass of the succession. The sole question presented for our determination is whether the fee was properly allowed.
*670 The estate of the succession consisted of the home of the decedent and some furniture. The net amount realized by the executor from the sale of the real estate was $4,423.90 and from the furniture $40.32. Prior to the filing of the final account by the executor on June 24, 1959, the opponent, appellee herein, employed counsel who filed an opposition to the account insofar as it recognized as ordinary debts certain cash advances to the testator, viz.: by C. E. DeWitt, $3,773.32, by Mrs. Myrtle E. Wyatt, $895 and by Floyd Alvin De-Witt, $3,641.73. In due course the matter came on for trial and therein each of the aforenamed ordinary creditors proved the amounts listed on the account should be recognized as ordinary debts of the succession. Manifestly, the succession is insolvent and the heirs, as such, will receive nothing from the estate.
It is the contention of appellee that for-asmuch as opponent was a resident of the State of Texas, upon the opening of the succession it was incumbent upon the trial court to appoint an attorney to represent her as an absent heir, that the testamentary executor did not request the court to make such an appointment, and that opponent was obliged to seek her own counsel for the purpose of securing full information as to the condition of the estate. Accordingly, it is argued, attorney’s fees were correctly assessed against the mass of the estate under the provisions of LSA-C.C. Arts. 1661, 1662 and 1219. Appellant tenders several objections to the allowance of the attorney’s fee, contending that the services rendered were not those of an attorney for an absent heir, since no appointment was made by the court, but on the contrary, opponent voluntarily made the selection of counsel; that the record is void of proof as to the value of the services rendered by opponent’s attorney, and no recovery can be had unless proven as prescribed by LSA-C.C. Art. 1219, there being no authority therefor otherwise; and finally, it is urged such services as rendered were not proven to be of any value to the succession.
Trial of the opposition developed the fact that Mable DeWitt Phillips, the opponent and appellee herein, was present in Shreveport after the death of her mother and was fully cognizant in a general way of the estate and its debts. It is apparent the opposition was motivated by personal reasons.
Under the above mentioned circumstances the services rendered by opponent’s attorney cannot be regarded as services rendered in favor of an absentee or an absent heir. The following definition is provided in LSA-C.C. Art. 3556 (par. 3) :
“Absentees. — An absentee is a person who has resided in the State, and has departed without leaving any one to represent him.
“It means also the person, who never was domiciliated in the State and resides abroad.
“In matters of succession, the heir whose residence is not known is deemed an absentee.”
LSA-C.C. Arts. 1661, 1662, and 1219 are relied upon by appellee. These read:
“Art. 1661. When of the testator’s heirs some are absent and not represented in the State, the judge shall appoint for them a counsel, whose duty it shall be to assist for them at the inventory of the effects left by the testator, to take care of their interests, and to oppose everything which may prejudice the same.
“Art. 1662. It shall also be the duty of this counsel to inform, with all possible diligence, those whom he represents, of the opening of the succession, and to correspond with them; and when he has once accepted this charge, he can not divest himself of it, until the heirs have sent their power of attorney, or until the succession is liquidated.”
*671 “Art. 1219. The counsel of absent heirs have a right to receive fees or emoluments proportioned to the pains taken in the performance of their duties, out of the funds of the succession of which they represent the heirs, but those fees or emoluments shall not be granted to them, except on proof being made of the services by them rendered, and of the value thereof, after having cited the heirs, if they present themselves, or the curator appointed to the succession in which these heirs have rights.”
For the reasons aforesaid, we find these statutory provisions inapposite. An examination of the record fails to disclose evidence as to the value of services rendered to the estate by the attorney for opponent. It seems clear the amount of $200 awarded by the district court was not substantiated.
The issue raised in this case was presented to the Supreme Court in the Succession of Guichard, 1954, 225 La. 315, 72 So.2d 744, 745. Therein the court made this reference to the settled law in this state :
“Under the jurisprudence of this state it is well settled that an attorney representing particular heirs or claimants in a succession proceeding has no claim against the estate for his services even though they were valuable to, and benefited, the other heirs, and that in such cases the attorney must obtain payment from the- persons or heirs by whom he was employed. Succession of Kernan, 105 La. 592, 30 So. 239; Succession of Rosenbrock, 175 La. 1049, 145 So. 4; Succession of Russell, 208 La. 213, 23 So.2d 50. These cases are decisive of the issue here, and we find no particular circumstance in this case which would make it an exception to them.”
It is our conclusion the above statement of law is appropriate and sufficient authority for the resolution of the appeal in this case. We hold that appellee is not entitled to a judgment ordering the fee of her attorney to be paid out of the mass of the succession.
For the reasons assigned, the judgment of the district court which ordered the fee of the opponent, Mable DeWitt Phillips, to be paid from the mass of the succession is annulled, reversed and set aside and it is now ordered that this case be remanded to the district court so that the schedule of distribution of the proceeds realized from the sale of the property of the succession may be revised according to the views herein expressed. Costs of this proceeding are assessed against the opponent, appellee.