YARRUT, Judge.
This is an appeal from a judgment maintaining the right of a judgment-creditor of the wife to satisfy such judgment by seizure and garnishment of a bank account in the joint names of the husband and wife. The husband filed an intervention and third-opposition to dissolve the seizure and garnishment. The trial judge gave no written reasons, but, during the course of the trial, remarked:
“ * * * The minute he opened the joint account it may have been a donation inter vivos between them.”
The original judgment was obtained against the wife alone for repairs she contracted with reference to her separate and paraphernal property. The joint bank account was established by the husband and contained only wages earned by him. The husband’s undisputed testimony is that he opened the joint account to permit his wife to pay household and other community expenses.
Plaintiff’s counsel contends that the establishment of the joint bank account by the husband constituted a donation, in whole or in part, to the wife. We think not.
 A manual gift of money or other movables by a husband to his wife must be clear and unequivocal. The mere establishment of a joint bank account by the husband with community funds to enable his wife to pay community debts, without any intention to make a donation, in whole or in part, does not constitute a donation inter vivos. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; Succession of Byrnes, 206 La. 1026, 20 So.2d 301; Succession of Bendel, La.App., 116 So.2d 84; LeBlanc v. LeBlanc, La.App., 80 So.2d 715; Northcott v. Livingood, La.App., 10 So.2d 401.
Since all deposits in the bank account were clearly proved to have been the wages of the husband and, as such, community property, such deposits were not subject to seizure by the separate creditor of the wife to satisfy a judgment obtained against her ‘ alone, in the matter of her separate and paraphernal property. Fontenot v. Stark, La.App., 185 So. 77.
*486 For the reasons assigned, the judgment of the trial court maintaining the seizure and garnishment against the hank account is reversed, and there will be judgment now in favor of William C. Ruth, intervenor and third opponent, and against Geo. L. Ducros Tile Co., dissolving the seizure and garnishment; the latter to pay all costs in both courts.
Reversed and rendered.