TATE, Judge
(dissenting in part from denial).
The writer now feels we were in error in allowing the payment from the mass of the full $400 attorney’s fee for services connected with the partition proceedings. Under LSA-C.C.P. Article 4613, “No portion of the [attorney’s] fee may be paid out of the share of any party represented in the proceeding by an attorney * *
By allowing the entire $400 fee to be taxed from the mass, we thus charge three of the five children with the entire attorneys’ fee for the partition, although these three had hired their own attorney to represent them in it.
In approving payment, our majority opinion proceeds on the theory that these proceedings were brought by the executor as a partition of the succession, LSA-C.C.P. Art. 3461, rather than being a partition proceeding between co-owners, LSA-C.C.P. Arts. 4601 et seq. We thus felt that the partition attorney’s fee for the executor was an estate expense, which should be borne by the mass.
Even if the fee was to represent the executor in the partition, I am not certain whether we were correct in so holding. See Succession of Guichard, 22S La. 315, 72 So.2d 744.
However, the present partition proceeding was brought by L. B. Dauzat, both individually and as executor. He was executor of the mother’s estate, which included only one-half interest in the property. Prior to the mother’s death, the coheir’s father had died intestate, and each of the children had inherited the father’s one-half interest in shares of one-tenth each.
That is, only one half of the property sold in the partition did belong to the succession, and arguably (under the majority theory) the executor’s attorney’s fee for that half is chargeable against the mass; but the other half of the property partitioned at the sale was already owned individually by the heirs. The latter half was thus partitioned among co-owners, rather than being a partition of an estate provoked by the executor as executor.
Prior to rendition of our original majority opinion, this point was discussed. We, at that time, concluded that the appellant had not questioned the amount of the entire $400 fee, just its taxability against the mass. The application for rehearing informs us we are in error in that assumption, and it points out to us, correctly, that by the formal pleading in opposition to the tableau the other three heirs had contested payment of any part of the $400 fee for the partition to the attorney for the executor. See Tr. 205-06, Vol. II.
Under these circumstances, the writer is of the opinion that we were in error in our *778 original majority opinion, at least to the extent of taxing to the mass that portion of the partition attorneys’ fee attributable to the one-half of the property co-owned by the heirs and not subject to administration through the executor.
I respectfully dissent, therefore, from our denial of rehearing insofar as it allows all of the partition attorney’s fee to be taxed against the mass.