ELLIS, Judge:
In this suit, plaintiff Betty Danos Per-tuit is attempting to recover from defendant Wollen J. Falgout the amount of an attorney’s fee allegedly wrongfully withheld by him out of the proceeds of the sale of certain property in which Mrs. Pertuit had an interest. After trial on the merits, judgment was rendered dismissing the suit, and plaintiff has appealed.
The legal services rendered by Mr. Fal-gout, who is an attorney at law, were in connection with the Succession of Armond Danos, who died on April 25, 1969, leaving as his sole heirs at law four daughters, including plaintiff. Because there was some question as to the solvency of his estate, his heirs were hesitant about opening his *685 succession. They consulted one attorney, who was unwilling to handle the matter.
In September, 1969, Mrs. Ethel Benoit and Mrs. Ruth Martin, two of Mr. Danos’ daughters, and Mrs. Doris Danos, mother of his minor daughter, Kim Danos, consulted Mr. Falgout about handling the succession. He told them that he would not do so unless he represented all of the heirs, and that he wanted $1,000.00 fee to look into the question of the solvency of the estate. He instructed them to see Mrs. Per-tuit and get her consent to his employment. A meeting with Mrs. Pertuit, Mrs. Benoit and Mrs. Martin was held, and thereafter Mr. Falgout was advised that Mrs. Pertuit had agreed to his employment. Mrs. Dan-os gave Mr. Falgout her check for $1,000.-00 for his fee.
Mr. Falgout concluded that the succession was solvent, arranged for the sale of the various properties, and prepared all of the pleadings necessary to send the heirs into possession thereof, so that the sales might be consummated. At some time between September and November, 1969, and before the pleadings were prepared, Mr. Falgout was advised by Ralph D. Hillman, attorney at law, that he represented Mrs. Pertuit. When the pleadings were prepared, they were signed by Mr. Falgout as attorney for Mrs. Benoit, Mrs. Martin, and Mrs. Danos, and by Mr. Hillman as attorney for Mrs. Pertuit. The only work done by Mr. Hillman was to assist in determining the value of a trailer owned by the decedent, and he acknowledges that at least 90% of the work was done by Mr. Falgout.
When the matter was entirely completed, Mr. Falgout forwarded to Mr. Hillman a copy of the disbursement statement and a check for the amount being disbursed to the heirs. It was at that time that Mr. Hillman returned the check and advised that Mrs. Pertuit did not feel she was responsible for any part of Mr. Falgout’s fee.
It is settled law that “an attorney representing particular heirs or claimants in a succession proceeding has no claim against the estate for his services even though they were valuable to, and benefited, the other heirs, and that in such cases the attorney must obtain payment from the persons or heirs by whom he was employed.” Succession of Guichard, 225 La. 315, 72 So.2d 744 (1954).
The only question to be resolved in this case is the factual determination of whether there was a contract of employment between Mrs. Pertuit and Mr. Falgout. The only witnesses who testified as to this point were Mrs. Benoit and Mrs. Pertuit. Mrs. Benoit testified that Mrs. Pertuit had agreed to the employment of Mr. Falgout. The substance of Mrs. Pertuit’s testimony, as found by the district judge in his reasons for judgment, is as follows :
“Plaintiff, when pressed, under cross examination testified to the following relevant and determinative facts:
“1. That she knew and had been advised by Mr. Bernard Knobloch, attorney-at-law, that there was a possibility that she could end up by paying out more than she would receive from the succession;
“2. That she knew that no lawyer would accept employment to handle the succession “unless they all agreed”;
“3. That it is possible that she could have told her sisters that Mr. Falgout could handle the matter provided it did not cost her more than her interest in the succession;
“4. That her sister Ethel is truthful, and if she says plaintiff said she could have Mr. Falgout open the succession provided that it would not cost her more than her interest in the succession, she would be telling the truth
The trial judge concluded from the evidence that Mrs. Pertuit had consented to the employment of Mr. Falgout. After reviewing the record, we find there is ample evidence to support his conclusion in that *686 respect. Under those circumstances, Mrs. Pertuit would be liable for her share of Mr. Falgout’s fee, and is therefore not entitled to recover the amount withheld by him to satisfy this indebtedness.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.