## No. 12,191.

### SUCCESSION OF R. L. ROBERTSON, JR.

Whether an executrix is legally or illegally appointed, having qualified and entered upon the discharge of the duties of the office she must be treated as lawfully appointed until her appointment has been judicially revoked.

Unless the appointment is absolutely null and void, acts done by an administration representative in such capacity are legal and binding. Mere illegality of appointment of an executor will not vitiate acts done under it.

Having accepted the trust of an executrix, and qualified under it, and taken charge of the estate, she is powerless of her own motion to abandon that trust and assume the quality of heir. Judicial act is necessary for her discharge.

The law fixes the commissions of an executor at two and one-half per centum on the amount of the estimate in the inventory; but he is entitled to five per cent. on amount of rents and revenues which have come into his hands in the course of administration, provided same are not amounts which are covered by the inventory.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*W. S. Benedict* for Executrix, Appellee.

*Buck, Walshe & Buck* for Opponent, Appellant.

Argued and submitted December 4, 1896.
Opinion handed down December 14, 1896.
Rehearing refused January 18, 1897.

Opinion of the court was delivered by

WATKINS, J. This controversy arises upon an account of administration which was opposed by Mrs. Cuevas, a married daughter of the deceased by his first marriage—the opposition being chiefly directed at four items, viz.: (1) Mortgage of twenty-five hundred dollars on property on Baronne street; (2) amount of two thousand dollars, claimed to have been held in trust; (3) commissions of executrix, one thousand eight hundred and thirty-two dollars and sixty-five cents; (4) attorney's fees, twenty-five hundred dollars.

The opponent also, as a part of her opposition, alleged the absolute nullity of the will of deceased for want of form; and on that account she averred that the accountant had no standing in court as executrix.

But it is a fact and conceded in the transcript, as well as in the argument at the bar, that the nullity of the will is involved in another suit which is the subject of another appeal; it is, therefore, evident that this part of the opposition can not now be considered or decided. For the determinination of that question opponent must be relegated to the other appeal.

It appears from the record and the argument as well, that the accountant, as the executrix therein named, propounded the will for

probate, and same was duly and regularly admitted to probate, and that she was duly qualified and commissioned and took charge of the estate of the testator, and has since had its exclusive care and administration—collecting its revenues and discharging its expenses.

During that administration the property of the estate was sold— the heirs concurring in the sale, and actively promoting same.

This simple statement is sufficient to show exclusively that there was an administration actually in progress; and that the accountant was executrix *de facto*, if not *de jure*—notwithstanding, the will was subsequently attacked, and may be hereafter adjudged null and void in a different case.

It has been frequently decided that unless the appointment of a succession representative be absolutely void, his *acts* can not be successfully assailed or questioned.

In Succession of Dougart, 30 An. 268, we said:

"As to the illegality of the appointment of the executrix, it is only necessary to say, that the question can not be raised in this indirect and collateral way. Whether legally or illegally done she was appointed and qualified and must be treated as the lawful executrix until her appointment is revoked in a direct action."

In the Succession of Altemus, 32 An. 364, it was said:

"It seems to be considered, and indeed, we do not think it can be denied, that unless the appointment of an administrator or curator is absolutely void, the acts done by them in such capacities are legal and binding, for it is now elementary that the mere illegality of the appointment will not vitiate the acts done under it. This is so true that the law will not allow a suspensive appeal from a decree appointing such official, but declares that such decree shall have immediate effect, and, therefore, regardless of the illegality of the appointment."

In Cloutier vs. Lamee, 33 An. 305, it was said:

"Inquiries touching the legality of defendant's appointment are irrelevant. While actually exercising the office he must perform its duties, and the illegality of his appointment will not vitiate his acts."

Citizens Bank vs. Bry, 3 An. 633; Gradnigo vs. Moore, Curator, 10 An. 670; Dorsey vs. Vaughan, 5 An. 156; Beard vs. Gresham, 5 An. 160; Succession of Lehmann, 41 An. 987; Vinet, Executor, vs. Bres, 48 An. 1254.

Adhering to this line of authority we are of opinion that the *acts* of the qualified and acting executrix must be recognized as valid, and that the subsequent nullity of her appointment would not vitiate them.

She has a standing in court to file an account of her gestion. Having qualified as executrix and taken charge of the estate of the testator, she was powerless, of her own motion, to abandon that trust and assume the quality of heir. It was necessary for her to be relieved through the instrumentality of the law pursuant to a decree of court. Succession of Frazier, 33 An. 593.

On the trial there was judgment rejecting the demands of the opponent, homologating the account, and ordering the funds in the hands of the executrix distributed in accordance therewith; and from that judgment the opponent has appealed.

The proof shows that the principal property of the estate was the Marine Dry Dock, which was appraised in the inventory at twelve thousand dollars, and was subsequently sold for forty-one thousand dollars. It further shows that while under the administration of the executrix this dry dock yielded a little over six thousand dollars net returns within a period of about eight months. The property was exclusively community, and the executrix, as surviving widow, owned one-half in indivision with the heirs.

In the brief of opponent's counsel we find no discussion of the two items of indebtedness opposed, and, presumably, that part of the opposition has been abandoned.

In argument at the bar opponent's counsel waived all objection with regard to the *amount* of the fee claimed by the attorney for the executrix, and limited her opposition to his right to claim *any* fee. This contention is but the logical supplement of the prior contention that the accountant had no standing in court as executrix, and finding that as her appointment as executrix was not absolutely void, her *acts* are valid, and that contention must be rejected, it follows necessarily that she had the legal right to tax her attorney's fees against the estate.

The remaining question is with regard to the *amount* of the executrix' commissions—her right to claim commission resting upon the same foundation as that of her standing in court.

Her case comes within the principle announced in Succession of Hopkins, 33 An. 1166.

The accountant claims commissions of two and one-half per centum on account of rents and revenues of succession property which she collected during her administration; the amount of cash in bank, and on account of the proceeds of property of the succession under her administration. But the contention of the opponent's counsel is that her claim should, in any event, be restricted to the amount of the inventoried value of the property. R. C. C. 1069.

The appraisement in the inventory is about twenty-three thousand dollars, while the proceeds of sales was about forty-one thousand dollars.

The Code declares that "an executor  *  *  *  shall be entitled, for his trouble and care, to a commission of two and one-half per cent. on the whole amount of the estimate in the inventory," etc. R. C. C. 1683.

The same rule applies to administrators. R. C. C. 1069.

In Succession of Linton, 31 An. 130, the court in discussing this provision of the Code in regard to an administrator's commissions of two and one-half per cent. said:

" The Code so expressly provides, and this court has thus invariably held. R. C. C. 1069, 1201; Baillio vs. Baillio, 5 N. S. 229; Succession of Milne, 1 Rob. 400; Succession of Day, 3 An. 624; Succession of Girod, 4 An. 386."

But the court allowed the administrator a commission of five per cent. on the amount of rents collected, no mention of same being in the inventory, and this in addition to the two and one-half per cent. on the amount in the inventory.

This theory appears reasonable and correct, and it is in keeping with a subsequent decision. Succession of Rhoton, 34 An. 893.

Adopting this rule, the executrix is entitled only to commissions of two and one-half per cent. on the amount of the estimate in the inventory of twenty-three thousand dollars, which is five hundred and seventy-five dollars.

And to the amount of five per cent. on the amount of the net income of the property of the estate during her administration fixed approximately at sixty-five hundred dollars, equal to three hundred and sixteen and sixty-six and two-thirds dollars.

The total amounts to eight hundred and ninety-one and sixty-six two-thirds dollars, and to this sum her commission must be reduced.

It is therefore ordered and decreed that the amount of the execu-

trix' commissions be reduced to the sum of eight hundred and ninety-one and sixty-six and two-third dollars, and that as thus amended the judgment be affirmed.

---

### APPLICATION FOR REHEARING.

The counsel for opponent submit their application upon the three following propositions, viz.:

" 1. The court erred in holding that the executor could not by any act of his own, divest himself of his franchise and duty as executor; at least as between himself and the heirs entitled to the estate.

· " 2. This Honorable Court especially erred in utterly passing by as of no effect the private and personal agreement of the parties acting in their own rights and interests; whereby they jointly agreed to and did take possession of the estate of the deceased in their respective individual capacities, as owners and heirs, and thereby as to each other, at least, put an end to the administration of the executor as such.

" 3. The pretended executrix is a *legatee* under the pretended will, and is therefore not entitled to any commission as executrix.   R. C. C. 1686; 13 An. 103."

### I.

Supposing the first one to have been so well settled as to be considered to be elementary, we cited in our opinion but one case in its support—Succession of Frazier, 33 An. 593—but as its authoritativeness seems to be questioned, we have concluded to support it with the following references in addition.

In Succession of Townsend vs. Sykes, 38 An. 859, this court used this emphatic language, viz.:

" It is elementary in our law and jurisprudence that the duly qualified executor under a will becomes an officer of the court, for the administration of the property of the succession, and that he can perform no legal or binding act touching such property, without the sanction of the court having jurisdiction over the estate; and that an executor who has accepted the trust, and qualified as such, and who is at the same time universal legatee, can not, at will, and without the sanction and authorization of the court, shift his position, abandon his trust accepted at the hands of the court, and assume the character and exercise the rights of owner, as universal legatee.

C. C. 3480; Bird vs. Succession of Jones, 5 An. 643; Succession of Frazier, 35 An. 382; Succession of Townsend, 37 An. 505.''

The authorities certainly make the proposition clear.

## II.

It is the sense of all the authorities that heirs of age and present should be joined by an executor in the judicial disposition of the property of a solvent estate, and the concurrence of the heirs and executrix in this instance amounts to that. Giddens vs. Mobley, 37 An. 417; Bird's Executors vs. Generes, 34 An. 321; Executor of Hart vs. Boni, 6 La. 97; Cronan vs. Executors, 9 An. 302; Succession of Weigel, 18 An. 49; 6 An. 494; 14 An. 610; 12 An. 684, 759; Garland's C. P. 123, and authorities cited.

## III.

Whether the surviving widow of the deceased will, or will not, be recognized and adjudged as a legatee under the will, must remain an open question until the appeal, which involves the nullity of the same, has been disposed of; that question being yet undecided, we can not, in advance, say what effect same will have upon her right to demand and receive commissions. If it turns out, as counsel suppose it will, any amount of commissions she has been unduly awarded upon their supposition, can be readily deducted from the amount found due her as legacy. This right is reserved.

Rehearing refused.