## Succession of HAIR.
### No. 2115.

Court of Appeal of Louisiana. First Circuit.
April 10, 1940.
Rehearing Denied May 8, 1940.

Lindsay W. McDougall, of Covington, for appellant.

Victor E. Planche, of Covington, for appellee.

OTT, Judge.

Louis Hair died while in the military service in 1918. He was a resident of St. Tammany Parish and enlisted in service from that Parish. War risk insurance was paid to Mary Hair as his widow until her death in 1925. In 1933, an application was made to the District Court of St. Tammany Parish by Maggie Hair, stepmother of the deceased veteran, for the appointment of an administrator for the estate of the deceased veteran in order to collect the remainder of the insurance due by the Veterans' Administration. She was a resident of Arkansas and named Victor E. Planche as her attorney in fact and undertook to delegate to her said attorney in fact the power of naming an administrator of the estate.

This attorney in fact asked for the appointment of August J. Planche, Jr., as administrator, and after publication and proceedings, the latter was appointed and qualified as such in July, 1933. It appears from the voluminous correspondence in the record that this administrator was unable to

collect the insurance due the deceased veteran's estate for the reason that a sister of the deceased, Jewell Hair Stoudamire, had also qualified as administratrix of the estate in the State of California, and the Veterans' Bureau would not pay the amount until one of these administrators was discharged. The situation remained in a stalemate except for continued correspondence, until February, 1936, when the said Jewell Hair Stoudamire filed a petition in the succession proceeding in St. Tammany Parish asking that the appointment of Planche as administrator be annulled and in case the court should hold that the estate should be administered in St. Tammany Parish that her right as the sole heir of the deceased to appoint an administrator be reserved. The grounds on which she asked for setting aside the appointment of Planche on the petition of the stepmother were that the stepmother had no interest in the succession and could not provoke an administration thereof, and for the further reason that if she was an heir and had an interest in provoking an administration, she had no right to delegate the appointment of an administrator to her attorney in fact.

The trial judge held that the District Court of St. Tammany Parish had jurisdiction of the succession, but further held that Maggie Hair, the stepmother, had no interest in the succession and had no right to provoke an administration thereof and name an administrator therefor. He accordingly set aside the appointment of Planche as administrator, but in view of the fact that his court had jurisdiction of the succession and certain costs and expenses had been incurred in the proceedings, he retained Planche as temporary administrator until the proper person could be appointed. Apparently all persons in interest acquiesced in this judgment as no appeal was taken therefrom.

Soon after this judgment was rendered, the sister in California, Jewell Hair Stoudamire, appointed Hon. Lindsay McDougall her attorney in fact to apply for and administer for her the estate of the deceased veteran in St. Tammany Parish. After due proceedings McDougall was appointed and qualified as administrator and as such collected the balance due on the war risk insurance of $3408.59. He filed his final account, and Victor E. Planche for himself and as attorney for the first administrator, filed an opposition to this account asking for the payment out of the funds the following items incurred in the first administration proceeding, viz., clerk's cost in that proceeding, $35; publishing notice, $3; premium on bond of Planche as administrator, $232.40; commission of Planche, $85.20; court cost, $54.60; and attorney's fees of Victor E. Planche $340, a total of $750.20.

The trial judge rejected all of the items contained in the opposition except the clerk's cost of $35, publishing notice, $3, premium on administrator's bond, $56, cost of suit in vacating first appointment, $54.60, and attorney's fees of Victor E. Planche, $100, a total of $248.60. From this judgment the administrator McDougall has appealed.

It is the contention of the present administrator, McDougall, that as the appointment of Planche as administrator has been decreed illegal, the succession should not be required to pay any of the costs and expenses incurred by reason of that proceeding. But, as already stated, the trial judge retained Planche as a provisional or temporary administrator until the proper person could be appointed. No objection was made to this action of the trial judge. His action in this respect had the effect of retaining the jurisdiction of his court over the succession.

As no one had claimed this succession and as the only heir of the deceased was a non-resident of the State at the time of filing the petition for the appointment of Planche as administrator, the proceeding for administering the estate was that prescribed for vacant successions under Article 1113 et seq. of the Civil Code. Article 1114 of the Code does not specify who may apply for the curatorship or administration of such a succession, and it is only in those cases where there is a contest over the appointment that the preferences given in Article 1121 are to control.

Regardless of the legality or illegality of the appointment of Planche in the first instance and his retention as temporary administrator when his appointment was annulled, it remains a fact that his acts up to the time of the appointment of the present administrator were valid and binding on the succession. Estate of Altemus, 32 La.Ann. 364; Succession of Robertson, 49 La.Ann. 80, 21 So. 197.

This being true, it follows that all legitimate costs and expenses incurred by reason of the proceeding were properly charged to the estate, including the fees of

the clerk of court, publishing the notice, premium on the bond of the administrator, cost of the suit arising from the contest over the appointment and the fees of the attorney who provoked the appointment. All of the items allowed by the trial judge seem to be proper. The attorney's fees of $100 are very small considering the amount of work done and the value of these services to the estate in locating the heirs, corresponding with reference to the insurance and in opening the succession in the proper court and making it possible for that court to retain jurisdiction of the estate.

The administrator undertakes to compare the action of the first administrator to that of an intermeddler under Article 1100 of the Civil Code. However, that article has no application whatever as it applies to a person who takes possession of a vacant succession without any authority from the court and with the intent of converting the assets, or part of them, to his own use. No such situation exists in this case.

Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of the appellant.