Two appeals are before us, both perfected by Hattie Thornton Patterson, administratrix of this succession. One appeal is from a judgment amending and homologating her final account filed February 16, 1945, and the other appeal is from an order directing appellant to deliver the movable property of the succession to the heirs, who have by final judgment been ordered placed into possession thereof. The appeals were consolidated for argument.
The administratrix complains of two items on the final account, and the opponents have by way of answer to the appeal complained of several others.
The account disclosed that the administratrix collected $492.30 rent from the property 1921 Foucher Street. The trial judge found that the amount should be $645.00, and charged the administratrix therewith. Appellant contends that the actual collections aggregated $516.39, claiming that the tenant was ill for an extended period and failed to pay regularly, which accounted for the noncollection of rents for all months. The court below was of the opinion that the failure to collect rent for each month was inexcusable, and that if the tenant did not pay rent it was the duty of the administratrix to have evicted him, rental units being then scarce, and the property leased to a tenant having the ability to pay. We concur in that view and approve the item as amended below.
Appellant also complains of the disallowance of item No. 19, "To Theodore Cotonio and Joseph A. Casey, attorneys for services rendered in resisting application of Coulon heirs for letters testamentary $250.00." The reasons given by the judge below for the deletion of the item are: "The Administratrix had no interest in opposing the application of the heirs for a Dative Testamentary Executrix nor to question the validity of the last wills and testaments. The Administratrix had no personal interest and could not have profited as an heir or legatee by the intestacy of the decedent. Counsel represented the Administratrix for the past ten years and was thoroughly familiar with the case and the law applicable to such issue. Neither the administratrix nor her attorney had the right to litigate matters in which they had no interest, at the expense of the succession."
Furthermore, Mr. Casey made no appearance on the hearing of the oppositions, and the evidence taken on the trial thereof discloses that he had withdrawn from the case. We find no error in the ruling of the lower court.
Opponents-appellees argue that the judge erred in not disallowing items 7, 8, and 9, totalling $79.92, for costs of Court of Appeal, briefs, and application for writs to the Supreme Court, all incurred in connection with the administratrix's appeal from the judgment amending and homologating her provisional account. The judge observed that the administratrix had the right to defend her account, both in the district court and in the appellate courts, and in the absence of a showing that the account was grossly misrepresented and the contents frivolous, the charges should be allowed. We find no error in this ruling.
Item No. 17 is for the fee of the administratrix's attorney for services rendered in connection with the appeal from the judgment homologating the provisional account. The amount shown by the account is $150.00, which the judge found excessive and reduced to $100.00. Opponents argue that the item should be disallowed in its entirety. The attorney is *Page 909 
entitled to be paid for the services rendered, but we think that $50.00 is a fair remuneration, and the item is accordingly reduced to said amount.
Opponents contend that item No. 18, covering attorney's fees for services rendered in preparing the final account, in the amount of $50.00, approved by the lower court, should be deleted from the account. The attorney undoubtedly is entitled to a fee for preparing and filing the account, but we conclude that $25.00 would be ample, and, therefore, we reduce the item to that amount. This was the amount allowed for preparation and filing of the provisional account. There is no reason why the preparation of the final account should not have been a simple one; whatever difficulty may have been entailed in its preparation, we believe, was due to the irregular manner in which the records of this succession were kept.
The attorney's fees allowed on the provisional account and those now approved by us on the final account total $500.00, and that, we believe, is an adequate compensation for the services rendered by the attorney.
Item 20 is also disputed. We are urged to disallow the administratrix's retaining $100.00 for future court costs and attorney's fees. The trial judge reserved ruling thereon until such time as the administratrix applies for her final discharge. Undoubtedly there will be expenses connected with the administratrix's discharge, and at this time the amount thereof cannot be calculated with any degree of certainty, particularly as an expert will in all probability be appointed to examine the accounts and vouchers, and his fee is to be fixed by the court. Then, too, the cost of the present appeals is to be paid by the succession, and we cannot agree with opponents that the item should be stricken from the account or the amount reduced.
Passing not to the other appeal, i. e., from the order commanding the delivery of the movables to the heirs, we can but observe that appellant has not advanced any good or sufficient reason why the order should be revoked. Our decree will homologate the administratrix's final account, and we can think of no valid reason why the order should not now be affirmed.
We cannot refrain from here expressing the hope that our decree will place at rest once and for all the contentions of the parties, as such result will be highly desirable. The succession property, inventoried at a very small amount, has been under administration for a duration of eleven years. Nearly all proceedings were vigorously and bitterly contested; several phases of the matter were appealed to and decided by this court. The affairs of this small succession should be wound up.
It is ordered, adjudged, and decreed that the judgment recasting and homologating the administratrix's final account be amended in the particulars as above set forth, and as thus amended the judgment is affirmed.
It is further ordered, adjudged, and decreed that the order commanding the administratrix to deliver the movable property to the heirs is also affirmed.
All costs of both appeals are to be paid by the succession.
Amended and affirmed.