BARNETTE, Judge.
This is the third time this succession proceeding has been before us on appeal. See 172 So.2d 714 (1965) and 186 So.2d 377 (1966). After remand for further proceedings pursuant to our decree, on the last appeal, certain proceedings were had in the administration of the succession including that which gives rise to the instant appeal.
Mrs. Jeanne Dominiquette Madeleine Horgassan, wife of Roger Schwartz, a resident of the Republic of France and a niece of the decedent, is the sole and only heir of the decedent, Mrs. Marie Lacay Meier. This has been conclusively established in the prior proceedings. Mrs. Schwartz executed a power of attorney by which she named Emerson L. Morel her agent and attorney in fact and by which she also named Thomas Barr III attorney to represent her. By this mandate she empowered her agent Morel, and Barr, her attorney, to do all things necessary to complete the succession of Mrs. Meier and to accept the succession in her behalf. The power of attorney was executed in Tarbes, France, June 14, 1965.
It should be mentioned that prior to receipt of the formal power of attorney, Morel had been requested by Mrs. Schwartz to take appropriate action in her behalf and to protect her interests as heir of the deceased. This reliance upon Morel resulted from the fact that during the lifetime of Mrs. Meier, Mr. and Mrs. Morel had befriended her and lent assistance in communicating with Mrs. Schwartz in France. Accordingly, Mr. Morel did make application for appointment as administrator on March 11, 1964, two days after Mrs. Meier died. On March 13, the public administrator applied for and in time was issued letters of administration. Until his removal and the appointment of Mr. Morel on January 6, 1966, he did administer the succession. During this period of time much of the expense now claimed by Barr was incurred in connection with the litigation between the rival claimants to the administration and the proof of heirship of Mrs. Schwartz. This is discussed in more detail in our two former opinions.
On September 21, 1966, Morel obtained an ex parte order authorizing and directing payment to Barr of the sum of $931.68 out *795 of the funds in administration. This sum represented a reimbursement of Barr’s expenses allegedly advanced and paid by him personally from March 11, 1964, for the benefit of the estate. The public administrator L. J. Scanlon and his attorney, Philip P. Spencer, had not been paid their fees pursuant to our decree,[1] and therefore they were creditors of the succession. In that capacity, they filed a petition for rule to challenge the payment to Barr of the $931.68 as ordered ex parte on September 21, 1966. After trial of the rule to show cause, a judgment was rendered, read, signed and filed October 21, 1966, and, among other things, provided:
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the rule herein filed by L. J. Scanlon, Public Administrator and Philip P. Spencer, Attorney for the Public Administrator on September 12, 1966, why the Court should not order Thomas Barr III to pay back to this estate the sum of $931.68 which he paid to himself by ex parte order rendered on September 1, 1966, he made absolute and accordingly Thomas Barr III is hereby ordered and directed to pay back to this estate the sum of $931.68 forthwith * * *.”
From that judgment, Morel, administrator, and Barr, attorney, have appealed sus-pensively.
Thereafter, Morel, administrator, continued his duties of administration and pursuant thereto filed on November 4, 1966, a “motion to fix administrative costs” in which motion was included the $931.68 claimed by Barr as a legitimate charge against the succession. The sum had not been repaid as ordered by the October 21 judgment, as the suspensive appeal was still pending. This motion was denied and the administrator was ordered to file a tableau of. distribution in accordance with law.
On March 6, 1967, Morel filed a petition for homologation of his “first and final account” to which he attached and filed a tableau of distribution. In this tableau he listed under “disbursements” a check dated September 1, 1966, to Thomas Barr III for $796.29. This, together with $135.39 in coins and currency paid to Barr out of succession assets, made the total sum of $931.68, the item in issue. He sought in this manner to settle the estate without returning to the succession the $931.68 ordered returned by the judgment of October 21, pending on appeal. Had the account been approved, the appeal would have been dismissed. The tableau included among “debts to be paid,” Morel’s fee as administrator in the amount of $350.15 and Barr’s attorney fee of $1,050.46, computed according to law.
On March 21, 1967, a hearing was had on the petition for homologation, evidence was taken and the matter was submitted. The following judgment was rendered, signed and filed:
“Due proof having been made before this Court that the application herein filed on the 6th day of March, 1967, has been advertised according to law; that no opposition has been filed thereto, and that the legal 'delays for opposing the same have elapsed, the Court approves the account except the item under ‘Disbursements’ dated September 1, 1966, of $796.29 and the entry on the statement of the Inheritance Tax Collector annexed to the account of Thomas Barr, III, Attorney at Law, of $931.68.”
From this judgment Morel and Barr have also appealed. The return date on the appeal from the October 21 judgment was extended to coincide with the appeal from the March 21 judgment. Both appeals are now before us.
This is an anomalous situation in that the administrator and his attorney upon his own behalf are appellants and there is no appellee. Because of the conflict of interests the succession is not represented *796 here. No opposition was filed to the administrator’s tableau of distribution, but the court of its own motion interposed objection to the item in question and refused to approve it. Philip P. Spencer, attorney for the public administrator, filed a brief through which he attempted to appear as appellee. He conceded however that as he and the public administrator were no longer creditors, they had no interest in the succession. He then sought permission to appear as amicus curiae, but was refused.
The only issue is whether or not the $931.68 claimed by Barr for reimbursement of expenses paid by him personally should be charged against the succession and paid by the administrator or be left for settlement with the sole heir after the residue has been paid to her.
Unquestionably Barr did render valuable professional services to Mrs. Schwartz. Except for his vigorous pursuit of her claim of heirship, the succession might have been treated as vacant and escheated to the State. We have no doubt that legitimate expenses were incurred on behalf of Mrs. Schwartz during the prolonged and bitterly contested litigation, but much of this was directly related to Barr’s representation of her as her private attorney. These expenses are not chargeable to the estate.
Appellants have cited and rely upon Succession of Bradford, 130 So.2d 702 (La.App.2d Cir. 1961); Succession of Moore, 42 So.2d 907 (La.App. Orleans 1949); and Succession of Hair, 195 So. 43 (La.App. 1st Cir. 1940). None of these cases supports their contention.
In Succession of Hair the court allowed certain fees and expenses which were incurred by an administrator who was later removed and replaced by another administrator. The court said:
“Regardless of the legality or illegality of the appointment of Planche in the first instance and his retention as temporary administrator when his appointment was annulled, it remains a fact that his acts up to the time of the appointment of the present administrator were valid and binding on the succession. Estate of Altemus, 32 La.Ann. 364; Succession of Robertson, 49 La.Ann. 80, 21 So. 197.” 195 So. at 44.
We have done that very thing in this succession (see 186 So.2d 377), but this is not authority upon which appellants can rely for support of their position on the issue presently before us.
The Moore case upholds the right of an administrator to defend his account both in the district and appellate courts and to charge the costs incurred therein, including briefs, against the succession unless it be shown that there was gross misrepresentation or the charges frivolous. That is not the situation here. The items making up the $931.68 were not expenses incurred by the administrator in defense of his administration.
The Bradford case holds that the expenses of administration incurred by an executor and expenses incurred in defense of the will when under attack are proper charges against the succession. This rationale is similar to that followed in Succession of Moore, supra. The case further holds that the expenses, including attorney’s fees, incurred in representing a claimant in succession proceedings are not proper charges against the succession. Certainly, appellants can find no support of their position from the rationale of that decision.
Here we have the uncommon situation of an intestate succession with only one héir who will inherit the entire estate. It is true that the interests of the succession and of the heir are synonymous, hence, service rendered and expense incurred for one benefits the other in a very practical sense. This is not necessarily so from a strictly legal point of view, since the law distinguishes between the heir and the succession. We must follow a rationale which is sound legally and therefore equal *797 ly applicable in a situation where there may be more than one heir or several claimants in a succession. With this in mind, the following is a relevant statement:
“Under the jurisprudence of this State, the rule is well settled that an attorney representing particular heirs or claimants in a succession proceeding has no claim against the estate for his services, even though such services benefited the other heirs. Succession of Guichard, 225 La. 315, 72 So.2d 744; Succession of Russell, 208 La. 213, 23 So.2d 50; Succession of Rosenbrock, 175 La. 1049, 145 So. 4; Succession of Kernan, 105 La. 592, 30 So. 239.” 130 So.2d at 706.
We have examined the long list of items totaling $931.68 which began with the filing of the initial petition on March 11, 1964. From the lists in the tableau of distribution and in the motion to fix administrative costs, we are unable to determine which items relate to services rendered in Barr’s capacity as attorney for Mrs. Schwartz, for which she would be obligated personally, or which items are legitimate charges against the succession. Some of the items obviously are not legitimate charges against the succession. The items of expense dating from January 6, 1966, when the public administrator was dismissed and Morel was appointed, are more likely to be legitimate administrative costs, but there is not one word of testimony in the transcript nor any documentary evidence offered to verify the items listed. The trial judge rejected them, and we find no error in his judgment on the face of the record before us.
There is a prima facie presumption in favor of the validity of the claim of a creditor included in the administrator’s tableau of distribution of the administrator’s account. LSA-C.C.P. art. 3244. In the absence of opposition he is not required to verify or prove every item in the manner required when an item is in dispute. In this case no opposition to the administrator’s account and tableau of distribution was filed and the only objection, as we have pointed out above, was raised by the court. The administrator and his attorney, however, cannot assert that they have been denied an opportunity to make the required proof of the contested items. They were well aware of the court’s opposition to the items totaling $931.68, since the court had twice previously rejected this claim. If they had proof sufficient to overcome the court’s objection, it should have been submitted.
We agree with the trial judge who repeatedly said in substance that inasmuch as Mrs. Schwartz is the sole and only heir and will receive from the administrator, who is also her agent and attorney in fact, whatever balance is left of the estate at the conclusion of these proceedings, it would be a simple matter to adjust these costs with her on a private basis. The only argument against this is that she will be charged a state inheritance tax on the $931.68 unless that amount is approved as an expense of administration. This is no justification for approval of charges not supported by the required proof.
We have indicated our belief that certain expenses were incurred by Barr in behalf of Mrs. Schwartz and that she did benefit from his professional services. The settlement of this account between them is a private matter which does not address itself to the court in this proceeding.
The course of this prolonged and bitterly contested litigation, unfortunately, has taken on the specter of a personal contest between the attorneys for the rival claimants to the administration. As a result, unnecessary expense has been imposed upon this modest estate. In our prior opinions we made similar observation and criticized dilatory tactics employed. These comments are not to be construed as a reflection on the professional integrity of the attorneys, but rather our regret that the administration of this estate has become involved out of proportion to its importance resulting in an unnecessarily long delay to Mrs. *798 Schwartz in receiving- the inheritance from her deceased aunt. It is to be hoped that this will bring to an end the litigation of issues and result in an early and orderly conclusion of the succession proceedings.
The judgments appealed from are affirmed and the case is remanded for conclusion of the administration without further delay and according to law. Costs of this appeal are to be paid by appellants.
Affirmed and remanded.

. See 186 So.2d 377.