MILLER, Judge.
Appellants devolutively appealed the trial court’s judgment overruling an opposition to the executor’s “tableau of distribution” which set forth debts and charges due by the succession. Appellants opposed the payment of a $400 attorney fee relating to a partition suit, a $700 attorney fee for handling the succession, and a $200 fee for the executor, L. B. Dauzat.
Most of these services were performed prior to the time the last will and testament of Mrs. Della Bordelon Dauzat was annulled by the trial court, which judgment was affirmed by this court. Succession of Dauzat, 212 So.2d 523 (La.App.3rd Cir. 1968). The alignment of the parties in this litigation is the same, i. e. Virgie Dauzat, Zepherina Dauzat Gaspard and Linster Dauzat McNeal oppose the account while the other two surviving children, L. B. Dauzat (executor) and Mildred Dauzat Gaspard are proponents.
The disputed fees were paid on August 22, 1967 and September 16, 1967, as a result of unusual circumstances. The opposition to the tableau was scheduled for hearing on April 4, 1967. Opponents appeared seeking a continuance based on their contention that their suit to annul the will which had been filed a few days earlier should be disposed of prior to any decision on the proposed tableau of distribution.
This written motion for a continuance was denied and mover placed the court and opposing counsel on notice that he was applying for a writ of certiorari to the Court of Appeal, Third Circuit. Appellant contends that he was then verbally assured that all proceedings were stayed and he proceeded to his office to prepare the writs which were presented to the court that afternoon. However, after appellant’s counsel departed, the court found the tableau in order and ruled orally that payments were proper. (Page 3 of trial court’s opinion of December 10, 1968, Tr. 18). The writ and stay order were signed by the trial judge on the afternoon of April 4, 1967. ■Appellant’s writ to the Court of Appeal, Third Circuit was denied in April of 1967.
The suit to annul the testament was tried April 24, 1967 and it was promptly decided that the will was void. The trial court’s judgment was affirmed by the Court of Appeal, Third Circuit, July 2, 1968.
In August of 1967, Appellees’ counsel presented to the bank which held the succession funds, a copy (certified by the Clerk of Court) of a judgment purportedly signed by the trial judge on April 4, 1967, ordering payment of the disputed attorney’s fees and executor’s fee. The bank honored the executor’s checks paying these fees which are the subject of this litigation.
The trial court did not sign the April 4, 1967 judgment,[1] and the copy thereof was inadvertently certified by the Clerk of Court. We note with emphasis that there is no suggestion of misconduct on the part of counsel relating to this unusual circumstance. (Opponents-Appellants’ brief, page 10.)
The only hearing in which counsel for opponents appeared relating to the opposition to the tableau of distribution, was held November 11, 1968. The trial court promptly handed down written reasons approving and ratifying the payments previously made. Judgment was signed February 25, 1969. On March 4, 1969, appellants moved for and were granted this devolutive appeal and the $200 appeal bond was filed March 12, 1969.
*775 ON THE MOTION TO DISMISS THE APPEAL.
Appellees moved to dismiss the appeal contending that Article 3308 of the Louisiana Code of Civil Procedure provides that only a suspensive appeal shall be allowed from a judgment Homologating a Tableau of Distribution.
While this article specifically requires a suspensive appeal, we think the 'appeal taken in this case can he considered a sus-pensive appeal for the following reasons: (1) The appeal was perfected within the delays for taking a suspensive appeal. (2) The bond filed was sufficient to meet the requirements for a suspensive appeal, had one been granted.[2] We suppose that appellant inadvertently styled his appeal as devolutive because the appeal did not suspend payments. Payments had been made and appellants are here contending that these payments should be refunded.
ON THE MERITS.
Appellants raise the following questions on this appeal. (1) Is the Succession of Della B. Dauzat responsible for the attorneys’ fees for the partition by licitation suit? (2) Is the Succession of Della B. Dauzat responsible for the $700 attorneys’ fees for representation of the executor? and (3) Is the Succession of Della Dauzat responsible for the $200 executor’s fee of L. B. Dauzat?
The entire record of the partition suit is in evidence. Suit was filed by L. B. Dauzat “individually and in his capacity as executor of the Succession of Della Bordelon Dauzat.” The property sought to be partitioned was owned one-half by this succession and one-half by the five parties to this litigation, they having inherited half from their father. Throughout these proceedings, L. B. Dauzat was recognized as executor of the Succession. Virgie Dauzat, Zepherina Dauzat Gaspard and Linster Dauzat McNeal (the opponents here) filed answer to the partition suit admitting the properties should be partitioned by licitation. By filing answer they prevented counsel for the succession from collecting any fee from the share of the property which opponents inherited from their father. LSA-C.C.P. Art. 4613 second paragraph. The properties were sold and the succession was recognized as entitled to one-half the proceeds and the five heirs of Mrs. Dauzat’s predeceased husband (all parties to this litigation) were each recognized as entitled to one-tenth of the proceeds.
The judgment ordering the partition did not provide for attorney’s fees. But this was not required by LSA-C.C.P. Art. 4613 which provides for the taxing of attorney’s fees as costs of court “when there is no contest of the partition proceeding by any defendant * *
Succession of Guichard, 225 La. 315, 72 So.2d 744 (1954) does not support appellant’s position. It does summarize the uniform jurisprudence that an attorney representing particular heirs or claimants in a succession proceeding has no claim against the estate for his services even though they were valuable to, and benefited, the other heirs. But in that case, there was no administration.
Here, counsel was employed by the executor and rendered services on behalf of the succession relating to the partition proceeding. He is entitled to collect from the succession for these services. Appellants have not questioned the amount of this $400 fee approved by the trial court.
We also affirm the trial court’s judgment approving the $700 attorney’s fee for services rendered to settle the estate, and the $200 executor’s fee.
*776 As was noted in Succession of Vatter, 192 La. 657, 188 So. 732 (1939)
“ * * * the responsibility of determining the amount of such (attorney’s) fees is a matter of great delicacy, and under the rules of our predecessors a court in fixing such fees must he guided by a conscientious estimate of their value, * * ” 188 So.2d at 735.
The record shows that the Executor’s attorneys opened succession proceedings for the Succession of Della B. Dauzat, presented her nuncupative will by public act for probate whereupon the will was probated by the trial judge. Letters testamentary were issued and a descriptive list of properties was filed. Executor’s counsel state that they performed “extensive work in ascertaining and determining the real property belonging to the decedent and her predeceased husband.” The descriptive list indicates assets totaling $8,489.00. The executor’s attorneys represented the succession in the partition proceedings and the succession’s interest in the properties sold at the partition sale yielded $7,752.50. The executor’s attorneys negotiated a settlement with the opponents and prepared all pleadings necessary to close the succession, but this was aborted because of a misunderstanding concerning attorney’s fees. Counsel for the executor prepared the tableau of distribution to pay all debts due by the succession and defended this tableau in a court proceeding. Counsel also unsuccessfully defended the attack on the last will and testament. Even though the last will of the decedent has been declared invalid, counsel must prepare and Mr. Dauzat must tender a final account of his stewardship. The fees awarded and approved herein include these services.
Applicable here is the holding in Succession of Hair, 195 So. 43 (La.App. 1st Cir. 1940) where the court allowed certain fees and expenses which were incurred by an administrator who was later removed. The Court said:
“Regardless of the legality or illegality of the appointment of Planche in the first instance and his retention as temporary administrator when his appointment was annulled, it remains a fact that his acts up to the time of the appointment of the present administrator were valid and binding on the succession. Estate of Altemus, 32 La.Ann. 364; Succession of Robertson, 49 La.Ann. 80, 21 So. 197.” 195 So. at 44.
See also LSA-C.C.P. Article 3182 which provides:
“The removal of a succession representative from office does not invalidate his official acts performed prior to his removal.”
Also applicable is the holding in the case of Succession of Moore, 42 So.2d 907 (La. App.Orl.1949), where the court upheld the right of an administrator to defend his account both in the district and appellate courts and to charge the costs incurred therein, including briefs, against the succession unless it be shown that there was gross misrepresentation or the charges frivolous.
While many services were performed subsequent to the filing of the tableau of distribution,[3] we find that all services' were and some additional ones will be performed for the $700 fee.
We find no abuse of discretion in the trial court’s award of $200 as the fee to the executor. LSA-C.C.P. Article 3351 provides:
“An administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services *777 in administering the succession. The court may increase the compensation upon proper showing that the usual commission is inadequate.”
The trial court has discretion to allow the executor more than two and one-half percent of the amount of the inventory. L. B. Dauzat was required under the law and under his appointment as executor to carry out his duties and to open and attempt to close the estate. There has not been any claim that the executor mismanaged the estate, nor failed to perform any duty imposed upon him by law or order of court. All official acts performed by the executor prior to the decision annulling the will are valid and binding on the estate of the deceased. LSA-C.C.P. Art. 3182. It follows that he is entitled to compensation for his services as executor.
The judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants.
Affirmed.

. There is, therefore, no merit to the argument that proponents’ plea of res judicata should be sustained.

. LSA-C.C.P. Article 2124(2) provides: “The security to be furnished for a sus-pensive appeal is determined in accordance with the following rules: * * * (2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required; * * * ”

. Furthermore, counsel for the executor attempted to make an additional charge of $500 for his services defending the attack on the will, which was disallowed by the trial court. Counsel for the executor withdrew his answer to the appeal in which he sought to have this court allow the additional $500 fee.