TERRI F. LOVE, Judge.
1 Appellant, Walter J. Horrell, assigns error to the trial court’s granting of the Provisional Administratrix’s/Appellee’s Motion for Interim Payment. Appellant also argues that the trial court abused its discretion in allocating certain costs and expenses to him and to Clare Younger Horrell, Gay Coffer, Michael Horrell, Edward A. Horrell, Jr., and Mary Elise LeC-our. We find that the trial court did not abuse its discretion in granting an interim payment to the Provisional Administratrix of the Succession. Except for one small error, we further find that the trial court did not abuse its discretion in allocating certain costs and expenses among all of the Horrell family members, as they were apportioned according to who was responsible for the charges incurred. We amend the judgment, and as amended, we affirm. We deny Walter Horrell’s exceptions of no cause of action, no right of action, and res judicata filed in this Court.
FACTS AND PROCEDURAL BACKGROUND
Edward Horrell, Sr. died in 1993 at the age of 84 and was survived by his wife of more than fifty years, Clare Younger Hor-rell, and five adult children, |2Walter J. Horrell, Gay Coffer, Michael Horrell, Edward A. Horrell, Jr., and Mary Elise LeC-our. The Succession subsequently became the subject of various proceedings.[1]
This appeal arises from an addition to the already protracted litigation that has taken place regarding the Succession of Edward Horrell, Sr. (“the Succession”). The matter sub judice is before this Court on appeal of the trial court’s granting of the Provisional Administratrix’s motion for an interim payment of fees and expenses. In opposition to that motion, Clare Younger Horrell, Gay Coffer, Michael Horrell, Edward A. Horrell, Jr., and Mary Elise LeCour (“the Horrells”) moved for certain expenses of the administration of the Succession as outlined by the Provisional Ad-ministratrix to be allocated to Walter J. Horrell (“Mr. Horrell”) because of actions that he took to thwart the Succession’s administration. Nevertheless, the Provisional Administratrix entered time records into evidence that identified the entries and corresponding charges that were caused by particular heirs and requested that the certain costs be apportioned to the parties causing the Succession to incur those costs. The trial court granted the ^Provisional Administratrix’s motion for interim payment and ordered that costs be apportioned as outlined by her. Mr. Hor-rell appeals.
STANDARD OF REVIEW
A trial court has much discretion in setting a succession administrator’s fee *1165 and the fee award can be disturbed only if that discretion has been abused. Succession of Lasyone, 395 So.2d 413, 414 (La.App. 3rd Cir.1981).
ADMINISTRATRIX FEES
Mr. Horrell argues that the trial court abused its discretion in granting a motion for interim payment filed by Provisional Administratrix, Ms. Lisa C. Matthews (“Ms. Matthews”). The Horrells, appellees in this matter, contend that the amount of the interim payment requested was excessive given that a total constituting the greater half of the remaining assets of the Succession would be paid to the Provisional Administratrix and her law firm as a result while the Horrells have each received less than $50,000. This, the Horrells maintained, evidences that Ms. Matthews failed to act in a manner that was in the best interest of those who would inherit.
In addition, the Horrells aver that compensation exceeding one-half the net value of the estate, which is much greater than any heir has received, may not be deemed fair and reasonable under La. C.C.P. art. 3351. They contend that Ms. Matthews neglected to adequately consider the costs of her actions in legally countering the vengeful actions of Mr. Horrell and thus failed to act as a prudent administrator of the Succession; the Horrells argue that the costs should be charged to Mr. Hor-rell’s share of the estate. Mr. Horrell also claims that the Provisional LAdministratrix mismanaged the Succession and she incorrectly administered the estate.
Ms. Matthews maintains that she acted as both administrator and lawyer for herself as the Provisional Administratrix and the Succession. Ms. Matthews states that she appeared in court and pleadings pro se in an attempt to save the succession money and for which she billed less than the usual hourly rate much of the time taken in the case.
The trial court granted the Provisional Administratrix compensation for services rendered and costs advanced on behalf of the Succession under the authority of La. C.C.P. art. 3351, which provides:
An executor shall be allowed as compensation for his services such reasonable amount as is provided in the testament in which he is appointed. An administrator for his services in administering a succession shall be allowed such reasonable amount as is provided by the agreement between the administrator and the surviving spouse, and all competent heirs or legatees of the deceased.
In the absence of a provision in the testament or an agreement between the parties, the administrator or executor shall be allowed a sum equal to two and one-half percent of the amount of the inventory as compensation for his services in administering the succession. The court may increase the compensation upon a proper showing that the usual commission is inadequate.
A provisional administrator or an administrator of a vacant succession shall be allowed fair and reasonable compensation by the court for his services.
The compensation of a succession representative shall be due upon the homolo-gation of his final account. The court may allow an administrator or executor an advance upon his compensation at any time during the administration. (Emphasis added).
An administrator has a right to defend his account “both in the district and appellate courts and to charge the costs incurred therein, including briefs, against |fithe succession unless it be shown that there was gross misrepresentation or the charges frivolous.” Succession of Meier, 204 So.2d 793, 796 (La.App. 4th Cir.1967) (citing Suc *1166 cession of Moore, 42 So.2d 907 (La.App.Orleans 1949)).
La. C.C.P. Articles 3182 and 3191 provide, respectively, in part:
The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court....
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.
“ ‘Mismanaged’ as contemplated by Article 3182 has been jurisprudentially defined to mean ‘to manage badly, improperly, or unskillfully ... an act or omission which redounds to the detriment of the estate.’ ” Succession of Orlando, 531 So.2d 546, 548 (La.App. 5th Cir.1988) (citing Succession of Houssiere, 247 La. 764, 174 So.2d 521 (1965); Succession of Crain, 450 So.2d 1372 (La.App. 1st Cir.1984)).
In support of her motion for interim payment, Ms. Matthews filed an approximately 200-page list detailing billing records from her counsel from October 2006 through April 2009 labeled “Exhibit A.” The trial court awarded $152,135.90 to be apportioned as suggested by the Provisional Administratrix as outlined in Exhibit A, which she submitted in support of her motion. Statutory authority exists for the Provisional Administratrix’s request for interim payment [fifor costs and fees, and we find that the trial court did not abuse its discretion in granting the interim payment.
Further, we find that the amount of compensation for Ms. Matthews compensation is not per se unfair and unreasonable given its proportion to the total amount of the estate. The law provides that the amount of compensation may be increased by the court upon a proper showing. Ms. Matthews established in detail the amount of expenses that she incurred, and trial court found merit in those expenditures.
Mr. Horrell did not set forth proof that Ms. Matthews grossly misrepresented the charges incurred in relation to the Succession. Instead, Mr. Horrell has only offered unsubstantiated argument that Ms. Matthews mismanaged the Succession.
The Succession at issue has been under administration greater than seventeen years. The record reflects that Ms. Matthews spent a considerable amount of time engaged in the administration of the Succession and the litigation surrounding the Succession that took place between the parties and the Succession. Moreover, after she was sued individually and in her capacity as Provisional Administratrix, Ms. Matthews contends that she determined that the proper course of action was to obtain legal counsel. In providing reasons for judgment, the trial judge stated that “the [Provisional] [Ajdministratrix has acted prudently under the difficult circumstances in which she finds herself and is entitled to be compensated.” We find no merit in the arguments that Ms. Matthew’s compensation is not fair and reasonable and find no viable basis for concluding |7that Ms. Matthews mismanaged the estate. The trial court did not abuse its discretion.
ALLOCATION OF EXPENSES
Mr. Horrell contends that during the various proceedings during the administration of the Succession, he was simply defending himself from the attacks of others. Mr. Horrell maintains that the trial court incorrectly apportioned costs to him *1167 based on the Horrells’ Motion and Incorporated Memorandum for Assessment of Administratrix Fees and Costs to Mr. Hor-rell.
The Horrells maintain that the amounts reflected in billing records submitted by the Provisional Administratrix were directly and solely attributable to Mr. Horrell’s misdeeds. The Horrells contend that the expenses and costs incurred are due to Mr. Horrell’s actions, which they aver include the filing of frivolous appeals, evásion of service of process, and attempts to prevent the sale of succession property. The Hor-rells also aver that the costs of Mr. Hor-rell’s actions were conservatively $41,454.94 and requested that these expenses be taxed to his portion of the estate.
Mr. Horrell has exhibited contemptuous behavior in at least one previous instance. The trial court previously found Mr. Hor-rell in contempt of court for failing to comply with the court’s order to provide the Provisional Administratrix, notary, and appraisers entry to his residence. That finding was affírméd by this Court. In re Succession of Horrell, 07-1533, pp. 15-16 (La.App. 4 Cir. 10/1/08), 993 So.2d 354, 366-67, writ denied, 08-2880, 08-2889 (La.3/6/09), 3 So.3d 482.
lain In re Succession of Horrell, Id., this Court cited Succession of Bell, which we find applicable in this matter. In Succession of Bell, 06-1710, p. 4 (La.App. 1 Cir. 6/8/07), 964 So.2d 1067, 1070, the Court reviewed a judgment that held one of the decedent’s children in contempt for violating the previous orders of the court and ordered her to pay the attorney fees and costs incurred by the administratrix. The appellate court found no error or abuse of discretion in the trial court’s assignment of certain administrative expenses to the decedent’s daughter because such expenses were “simply reimbursements of amounts that” the daughter’s “actions had cost the estate.” Id., 06-1710, p. 7, 964 So.2d at 1072.
The trial court ordered that apportionment of costs be made according to responsibility for the incurrence of expenses as outlined in the Provisional Administra-trix’s records, not according to the arguments set forth by the Horrells in their motion as Mr. Horrell contends. The records submitted by the Provisional Admin-istratrix set forth the individual persons responsible for each charge billed in detail. Thus, we find support for the trial court’s apportionment of expenses, save one item that we now discuss, we find no abuse of discretion in the trial court’s assignment of expenses.
During Mr. Horrell’s examination of Ms. Matthews, she admitted that she had incorrectly apportioned one hundred percent of a one-tenth of an hour charge ($25.00) to Mr. Horrell to check on the payment of taxes on property located on Florida Boulevard in Orleans Parish. The trial court acknowledged that the bill required adjustment, but did not do so or account for that error in the judgment. Accordingly, we amend the judgment by reallocating one-sixth of the sum of | ;|$25.00 to each of the Horrells and Mr. Horrell rather than the whole amount of $25.00 to Mr. Horrell.
APPELLATE REVIEW OF PEREMPTORY EXCEPTIONS
Mr. Horrell filed three exceptions in this Court:[2] an exception of no cause of action; an exception of no right of action; and an exception of res judicata. A peremptory exception may be filed for the first time in *1168 the appellate court, pursuant to La. C.C.P. art. 2163.
EXCEPTION OF NO CAUSE OF ACTION
The function of the exception of no cause of action is to test the sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. The court reviews the petition and accepts well-pleaded allegations of fact as true. Wright v. Louisiana Power & Light, 06-1181, pp. 14-15 (La.3/9/07), 951 So.2d 1058, 1068.
Mr. Horrell states that the Horrells’ motion for assessment of administrative fees and cost does not set forth a cause of action under La. C.C.P. art. 863. He also maintains that the Horrells fail to specify how he violated La. C.C.P. art. 863.
Louisiana Code of Civil Procedure art. 863 provides in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
1 in(l) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2)Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees ... (Emphasis added).
The trial court’s judgment does not reflect that Mr. Horrell was sanctioned under La. C.C.P. art. 863. The trial court did not find that he violated La. C.C.P. art. 863. Rather, the trial court apportioned costs of the Succession’s administration to Mr. Horrell and the other heirs according to the Provisional Administratrix’s detailing. We find no support for granting this exception.
EXCEPTION OF NO RIGHT OF ACTION
Mr. Horrell maintains that regarding the “Motion and Incorporated Memorandum for Assessment of Administrative Fees and Costs to Walter Horrell” filed on behalf of the Horrells, they have no right *1169 of action during administration to take any action concerning any alleged obligation owed the estate. The function of an exception of no right of action is to determine whether a person belongs to the class of persons to whom the law grants the cause of action asserted in the petition. La. C.C.P. art. 927; Turner v. Busby, 03-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415. The exception of no right of action serves to question whether the plaintiff in |nthe particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation. Id.
The Provisional Administratrix filed a motion for interim payment under the authority of La. C.C.P. art. 3351, wherein she set forth a detailed listing of expenditures incurred as a result of the actions of each party. Therefore, independent of the Hor-rells’ motion, the trial court had a basis for allocating costs per responsibility according to the Provisional Administratrix’s motion. We find no merit in Mr. Horrell’s exception of no right of action as to the Horrells.
RES JUDICATA
Mr. Horrell contends that the Provisional Administratrix and her legal representation waived their right to be compensated for services rendered and expenses incurred between the time the first motion for interim payment was filed and the date the court issued its order granting that motion.
The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Fogleman v. Meaux Surface Prot., Inc., 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059 (quoting Morales v. Parish of Jefferson, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672). Rather than denying the validity of Ms. Matthews’ claims, Mr. Horrell argues that because the Provisional Administra-trix failed to assert all of her then existing claims prior to the June 6, 2007 judgment after the May 2007 hearing, those claims have been waived or barred. We find this assertion contrary to the law. La. C.C.P. art. 3351 sets forth a basis for the court to allow an advance at any time during the administration of the Succession. The statute simply does not mandate elaim-|waiver12 or bar in the manner that Mr. Horrell contends. We deny Mr. Horrell’s exception of res judicata.
DECREE
For the foregoing reasons, we find that the trial court did not abuse its discretion in granting an interim payment to the Provisional Administratrix of the Succession except as noted above. We amend the judgment of the trial court to reallocate one-sixth of the sum of $25.00 to each of the Horrells and Mr. Horrell rather than the whole amount of $25.00 to Mr. Horrell. We further find that the trial court did not abuse its discretion in allocating certain costs and expenses to Mr. Hor-rell and to Clare Younger Horrell, Gay Coffer, Michael Horrell, Edward A. Hor-rell, Jr., and Mary Elise LeCour. We deny the exceptions of no cause of action, no right of action, and res judicata.
AMENDED; AFFIRMED AS AMENDED

. The voluminous facts of those proceedings are omitted from this opinion. A listing of that litigation history is as follows: Succession of Horrell, 95-1598, 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725, writ denied, 96-2841, (La.1/31/97), 687 So.2d 403; Succession of Horrell, 97-2115 (La.App. 4 Cir. 3/25/98), 709 So.2d 1069, writ denied, 98-1023 (La.5/29/98), 720 So.2d 669; Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 10/6/00) (on rehearing), 808 So.2d 363, writ denied, 01-2546 (La.12/7/01), 803 So.2d 971; In re Succession of Horrell, 03-0482 (La.App. 4 Cir. 11/12/03), 859 So.2d 318 (table), writ denied, 04-0477 (La.4/8/04), 870 So.2d 273; Horrell v. Matthews, 06-1838 (La.App. 1 Cir. 8/15/07), 962 So.2d 512 (table); 2007 WL 2318134 (unpublished); Matthews v. Horrell, 06-1973, (La.App. 1 Cir. 11/7/07), 977 So.2d 62; In re Succession of Horrell, 07-1533 (La.App. 4 Cir. 10/1/08), 993 So.2d 354, writ denied, 08-2880 and 08-2889 (La.3/6/09), 3 So.3d 482; Horrell v. Barrios, 09-2199 (La.App. 1 Cir. 7/21/10), 2010 WL 2844342 (unpublished); and, Horrell v. Matthews, 10-1694 (La.App. 1 Cir. 5/6/11), 2011 WL 1941588 (unpublished).

. The record does not reflect that Mr. Horrell filed the exceptions in the trial court. We address the exceptions filed in this Court as the record does not contain a time-stamped copy of the exceptions to establish timeliness of the filing.